**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| **KAREN S LUKER,**      ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No.** |
| **FREUDENBERG MEDICAL, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Freudenberg Medical, LLC ("Freudenberg Medical"), by counsel, hereby removes this action from the Superior Court, County of Clark ("State Court") to the United States District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1332. In support of removal, Freudenberg Medical states:

## BACKGROUND

1. On March 1, 2024, Plaintiff commenced this action by filing a Complaint in the State Court captioned *Karen S Luker v. Freudenberg Medical, LLC and Monique S. Dempsey*, Case No. 10D06-2403-PL-000016.

2. In the Complaint, Plaintiff, a former employee of Freudenberg Medical, asserted claims relating to injuries Plaintiff allegedly sustained at work on or around March 5, 2023. Indeed, Plaintiff asserted four (4) counts against Freudenberg Medical including: negligence (Count I); negligent infliction of emotional distress (Count II); breach of implied contract (Count IV); and wrongful termination and retaliation (Count V). Plaintiff also asserted three (3) counts against a former co-worker, Monique Dempsey ("Dempsey"), including Counts I and II, also asserted against Freudenberg Medical, and Count III, for assault and battery.

4856-8829-2553.2

3.      On April 22, 2024, pursuant to Rule 12(B)(1) of the Indiana Rules of Trial Procedure, Freudenberg Medical filed a Partial Motion to Dismiss Due to Lack of Subject Matter Jurisdiction ("Partial Motion to Dismiss") asserting the State Court lacked subject matter jurisdiction on Counts I, II, III,[1] and IV of Plaintiff's Complaint because the Indiana Worker's Compensation Act serves as the exclusive remedy against employers for injury or death arising out of and in the court course of employment. Consequently, the Worker's Compensation Board of Indiana, and not the State Court, maintains jurisdiction to hear any common law action brought by Plaintiff within the scope of the Indiana Worker's Compensation Act.

4.      On May 30, 2024, the State Court entered an Order granting Freudenberg Medical's Partial Motion to Dismiss and dismissed Counts I, II, and IV of Plaintiff's Complaint against Freudenberg Medical, and Counts I, II, and III of Plaintiff's Complaint against Dempsey, in their entirety, without prejudice.

5.      Accordingly, as of the State Court's May 30, 2024, Order, Dempsey is dismissed as a Defendant in this matter. All that remains of Plaintiff's Complaint is Count V against Freudenberg Medical, Plaintiff's common law wrongful termination and retaliation claim, commonly referred to as a *Frampton* claim, pursuant to the Indiana Supreme Court's decision in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

---

[1] Although counsel for Freudenberg Medical did not likewise represent Dempsey, as officer of the court, they included dismissal of Counts I, II, and III against Dempsey in the Partial Motion to Dismiss because the same fell within the exclusive jurisdiction of the Worker's Compensation Board of Indiana and Indiana's Worker's Compensation Act.

**REMOVAL IS TIMELY**

6.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it was filed within thirty (30) days of receipt of an order from which this matter first became removable.

**REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332**

7.     Removal is proper pursuant to 28 U.S.C. § 1441(a) because diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), as this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

    **A.**     **Diversity of Citizenship**

8.     Complete diversity of citizenship exists between Freudenberg Medical and Plaintiff.

9.     Upon information and belief, Plaintiff resides in and is a citizen of the State of Indiana. *See* Compl. ¶ 1, **Exhibit B**.

10.     Freudenberg Medical operates a facility in Jeffersonville, Indiana where Plaintiff was employed. Freudenberg Medical is a limited liability company organized and existing under the laws of the State of Delaware with its principal business office located in Beverly, Massachusetts.

11.     In determining whether diversity exists, the citizenship of a limited liability company, like Freudenberg Medical, is determined by the citizenship of each of its members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

12.     Freudenberg Medical is owned by two members, Pellon Corporation and Freudenberg North America Limited Partnership ("Freudenberg NA LP").

13.     Pellon Corporation is incorporated in the State of Nevada with its principal place of business in Plymouth, Michigan. Therefore, Pellon Corporation is a citizen of Nevada and Michigan. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185-86 (2010) (finding a corporation is considered a citizen of the state of incorporation and the state in which it has its principal place of business).

14.     Freudenberg NA LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal business office located in Plymouth, Michigan. Freudenberg NA LP is owned by Intpacor, Inc. and Externa Handels- und Beteiligungsgesellschaft mit beschränkter Haftung ("Externa Handels"). The citizenship of a limited partnership is based on the citizenship of each of its members for purposes of determining diversity jurisdiction. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021 (1990).

15.     Intpacor, Inc. is a citizen of Delaware and Michigan because it is incorporated in the State of Delaware with its principal place of business in Plymouth, Michigan. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1185-86.

16.     Externa Handels is a foreign entity with its headquarters in Weinheim, Germany.

17.     Therefore, complete diversity exists because Plaintiff, upon information and belief, is a citizen of the State of Indiana, and Freudenberg Medical and its members, are citizens of the states of Delaware, Massachusetts, Michigan, and Nevada.

18.     Accordingly, this is an action between citizens of different states, as required by 28 U.S.C. § 1332.

4856-8829-2553.2

**B.** **The Amount in Controversy Exceeds $75,000**

19. This action involves an amount in controversy exceeding $75,000, exclusive of interest and costs, as provided in the express averments of the Complaint and Plaintiff's pre-suit settlement demand.

20. To determine the amount in controversy in a removed action, the Court will evaluate the "amount required to satisfy the plaintiff's demands in full" and the record as a whole as it exists on the date of removal. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). Where, as here, the plaintiff's complaint does not demand a specific sum, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

21. Plaintiff's Complaint supports a good-faith, plausible estimate that the amount in controversy exceeds $75,000. Plaintiff seeks back pay resulting from her discharge. *See* Compl. ¶ 54. Courts compute back pay awards based on what a plaintiff would have earned from the time of the adverse employment action until trial. *See e.g., Epstein v. Target Corp.*, No. 06-C-7035, 2007 WL 551552, at *2 (N.D. Ill. 2007).

22. Plaintiff was terminated effective May 5, 2023. At the time of her termination, Plaintiff earned $15 per hour and was scheduled to work 36 hours per week, which equals $540 per week. Accordingly, Plaintiff has accrued approximately $32,400 in potential back pay as of the date of removal alone.

23. This back pay amount would only increase during the pendency of the case. According to www.uscourts.gov, the most recent median for a civil case in the Southern District of Indiana from the time of the filing to trial is approximately 51.4 months. See https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison1231.2023.pdf    (12-month

period ending December 31, 2023). Thus, measuring from the date of Plaintiff's termination, she could recover approximately 61 months of back pay through trial, or $131,760, subject to Plaintiff's mitigation, without even factoring in lost benefits.

24.     Plaintiff's prayer for relief also seeks punitive damages. *See* Compl. p. 5. Punitive damages are recoverable in retaliatory discharge cases. *See Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761, 765 (7th Cir. 1994). Additionally, "punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law." *Casey-Beich v. United Parcel Serv., Inc.*, 295 F. App'x 92, 94 (7th Cir. 2008) (citing *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008)). Courts in the seventh circuit have found it reasonable to estimate punitive damages at a ratio of at least two (2) times an award of compensatory damages – *e.g.,* back pay. *See, e.g., Brandon v. Wal-Mart Stores East LP*, No. 1:19-CV-505, 2020 WL 1443775, at *5, n. 4 (N.D. Ind. Mar. 24, 2020) (collecting cases) (upholding removal of plaintiff's *Frampton* claim based upon diversity jurisdiction and denying plaintiff's motion to remand).

25.     Plaintiff is also seeking an award of costs and attorneys' fees. *See* Compl. p. 5. As a *Frampton* claim is a claim at common law, the same does not automatically entitle Plaintiff to an award of attorney's fees should she prevail in this action. Thus, Freudenberg Medical has not included Plaintiff's seeking of attorney's fees in the Complaint in its calculation of this case's satisfaction of the $75,000 amount in controversy threshold calculation since the same likely cannot be recovered in this action.

26.     Further, in or around October 2023, Plaintiff's attorney relayed a pre-suit demand of $150,000.

27.    Given Plaintiff's pre-suit demand, potential back pay through trial, and prayer for punitive damages, and costs, Freudenberg Medical has established, plausibly, that the amount in controversy exceeds $75,000, and the Court has original diversity jurisdiction under 28 U.S.C. § 1332.

## REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET

28.    Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the State Court, which is located in the Southern District of Indiana.

29.    Pursuant to 28 U.S.C. § 1446(a) and S.D. Ind. Local Rule 81-2(a), a copy of the State Court Record (state court docket sheet, summons, pleadings, and other filings in the State Court) is attached hereto as **Exhibit A**. The undersigned hereby verifies, pursuant to Local Rule 81-2(a), that **Exhibit A** is complete as of today, the date of removal.

30.    Pursuant to S.D. Ind. Local Rule 81-2(d), an additional copy of the operative complaint is attached hereto as **Exhibit B**.

31.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Freudenberg Medical will give written notice to Plaintiff and will file a copy of this Notice of Removal (without the exhibits) with the clerk of the State Court.

32.    No previous application has been made for the relief requested herein.

33.    By filing this Notice of Removal, Freudenberg Medical does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

34.    Freudenberg Medical reserves the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent.

WHEREFORE, pursuant to 28 U.S.C. § 1332, Freudenberg Medical respectfully gives notice of and removes the action to this Court.

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP

One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

*Attorneys for Defendant,*
*Freudenberg Medical, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically and served upon the following counsel for Plaintiff via ECF, on this the 21st day of June, 2024 (and via e-mail):

W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
ed@skeeslaw.com

*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

4856-8829-2553.2