# Exhibit A

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## KAREN S LUKER v. FREUDENBERG MEDICAL, LLC, MONIQUE S DEMPSEY

| Case Number | 10D06-2403-PL-000016 |
|---|---|
| Court | Clark Superior Court 6 |
| Type | PL - Civil Plenary |
| Filed | 03/01/2024 |
| Status | 03/01/2024 , Pending  (active) |

## Parties to the Case

Defendant   FREUDENBERG MEDICAL, LLC

| Address | 2301 CENTENNIAL BLVD |
|---|---|
| | JEFFERSONVILLE, IN 47130 |
| Attorney | Phillip Jimerson Jones |
| | *#3685953, Lead, Retained* |
| | 300 N. Meridian St. |
| | STE. 2700 |
| | Indianapolis, IN 46204 |
| | 317-916-2563(W) |
| Attorney | Paul C Sweeney |
| | *#2039229, Retained* |
| | One American SQ |
| | STE 2900 |
| | Indianapolis, IN 46282 |
| | 317-236-5894(W) |

Defendant   DEMPSEY, MONIQUE S

| Address | 3608 ALYN CT |
|---|---|
| | JEFFERSONVILLE, IN 47130 |

Plaintiff    LUKER, KAREN S

Attorney
W. Edward Skees
*#2182722, Retained*

415 West First Street
New Albany, IN 47150
812-944-9990(W)

## Chronological Case Summary

| 03/01/2024 | **Case Opened as a New Filing** | |
|---|---|---|

| 03/01/2024 | **Appearance Filed** | |
|---|---|---|
| | Appearance of W. Edward Skees | |
| | For Party: | LUKER, KAREN S |
| | File Stamp: | 03/01/2024 |

| 03/01/2024 | **Subpoena/Summons Filed** | |
|---|---|---|
| | SUMMONS TO FREUDENBERG MEDICAL, LLC | |
| | Filed By: | FREUDENBERG MEDICAL, LLC |
| | File Stamp: | 03/01/2024 |

| 03/01/2024 | **Subpoena/Summons Filed** | |
|---|---|---|
| | SUMMONS TO MONIQUE S DEMPSEY | |
| | Filed By: | LUKER, KAREN S |
| | File Stamp: | 03/01/2024 |

| 03/01/2024 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | COMPLAINT FOR DAMAGES AGAINST FREUDENBERG MEDICAL, LLC AND MONIQUE S DEMPSEY | |
| | Filed By: | LUKER, KAREN S |
| | File Stamp: | 03/01/2024 |

| 03/25/2024 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Paul Sweeney and Phillip Jones | |
| | For Party: | FREUDENBERG MEDICAL, LLC |
| | File Stamp: | 03/25/2024 |

| 03/25/2024 | **Motion for Enlargement of Time Filed** | |
|---|---|---|
| | Motion for Extension to Answer Complaint | |
| | Filed By: | FREUDENBERG MEDICAL, LLC |
| | File Stamp: | 03/25/2024 |

| 03/25/2024 | **Notice Issued to Parties** |
| | No action taken on Defendant's Motion for Enlargement of Time to Answer Compliant and returns same to counsel pending compliance with Local RULE 7(A). MOTIONS A. Generally. All written motions shall be filed with (a) a proposed order of the Movant and (b) a proposed order setting the motion for hearing. Any motion not accompanied by these required draft orders may be returned, without action taken, to the filing party until these draft orders are tendered. |

| 03/26/2024 | **Automated Paper Notice Issued to Parties** |
| | Notice Issued to Parties ---- 3/25/2024 : MONIQUE S DEMPSEY |

| 03/26/2024 | **Automated ENotice Issued to Parties** |
| | Notice Issued to Parties ---- 3/25/2024 : W. Edward Skees;Paul C Sweeney;Phillip Jimerson Jones |

| 03/26/2024 | **Motion for Enlargement of Time Filed** |
| | Unopposed Motion for Enlargement of Time To Answer Plaintiff's Complaint |
| | Filed By:     FREUDENBERG MEDICAL, LLC |
| | File Stamp:     03/26/2024 |

| 03/26/2024 | **Order Granting Motion for Enlargement of Time** |
| | for Defendant Freudenberg Medical to Answer or Otherwise Respond to Plaintiff's Complaint up to and including April 22, 2024 |
| | Judicial Officer:     Williams, Kyle P. |
| | Movant:     FREUDENBERG MEDICAL, LLC |
| | Order Signed:     03/26/2024 |

| 03/26/2024 | **Answer Filed** |
| | Filed By:     DEMPSEY, MONIQUE S |
| | File Stamp:     03/26/2024 |

| 03/27/2024 | **Automated Paper Notice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 3/26/2024 : MONIQUE S DEMPSEY |

| 03/27/2024 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 3/26/2024 : W. Edward Skees;Paul C Sweeney;Phillip Jimerson Jones |

| 04/22/2024 | **Motion to Dismiss Filed** |
| | Partial Motion to Dismiss |
| | Filed By:     FREUDENBERG MEDICAL, LLC |
| | File Stamp:     04/22/2024 |

| 04/22/2024 | **Memorandum/Brief Filed** |
| | Brief in Support of Partial Motion to Dismiss |
| | Filed By:     FREUDENBERG MEDICAL, LLC |
| | File Stamp:     04/22/2024 |

6/21/24, 9:17 AM    Case 4:24-cv-00087-TWP-KMB    Document 1-1    Filed 06/21/24    Page 5 of 108 PageID
Summary of the Case
#: 13

| 04/22/2024 | **Answer Filed** | |
| | Answer and Affirmative Defenses to Plaintiff's Complaint | |
| | Filed By: | FREUDENBERG MEDICAL, LLC |
| | File Stamp: | 04/22/2024 |

| 04/22/2024 | **Memorandum/Brief Filed** | |
| | Brief in Support of Partial Motion to Dismiss | |
| | Filed By: | FREUDENBERG MEDICAL, LLC |
| | File Stamp: | 04/22/2024 |

| 04/22/2024 | **Order for Hearing** | |
| | Order Setting Hearing | |
| | Judicial Officer: | Williams, Kyle P. |
| | Order Signed: | 04/22/2024 |

| 04/22/2024 | **Hearing Scheduling Activity** | |
| | Hearing scheduled for 05/24/2024 at 2:00 PM. | |

| 04/23/2024 | **Automated Paper Notice Issued to Parties** | |
| | Order for Hearing ---- 4/22/2024 : MONIQUE S DEMPSEY Hearing Scheduling Activity ---- 4/22/2024 : MONIQUE S DEMPSEY | |

| 04/23/2024 | **Automated ENotice Issued to Parties** | |
| | Order for Hearing ---- 4/22/2024 : W. Edward Skees;Paul C Sweeney;Phillip Jimerson Jones Hearing Scheduling Activity ---- 4/22/2024 : W. Edward Skees;Paul C Sweeney;Phillip Jimerson Jones | |

| 05/02/2024 | **Response Filed** | |
| | Response to Motion to Dismiss | |
| | Filed By: | LUKER, KAREN S |
| | File Stamp: | 05/02/2024 |

| 05/24/2024 | **Hearing** | |
| | Session: | 05/24/2024 2:00 PM, Judicial Officer: Williams, Kyle P. |
| | Result: | Commenced and concluded |

| 05/24/2024 | **Hearing Journal Entry** |
|---|---|
| | Hearing held on Partial Motion to Dismiss held in Clark Superior Court 6. Judge Kyle P. Williams presiding. Plaintiff Karen Luker is present by Attorney Edward Skees. Defendant Monique Dempsey is present pro se. Defendant Freudenburg Medical, LLC is present by attorney Phillip Jones and Paul Sweeny. Defendant's Counsel Mr. Jones states that they believe that the only count that should stay within the Court is the count #5. Plaintiff's council Mr. Skees requests that counts #3, 4 and 5 should remain within the Court, and that this incident was an intentional act that Ms. Dempsey has made onto his client Ms. Luker. Mr. Jones reports that there was never a response filed regarding this manner. It is addressed to the Court by Ms. Dempsey and Mr. Skees that a response had been filed by Mr. Skees on behalf of his client. Court states that they will give the Defendants Council (Phillip Jones and Paul Sweeny), 10 days to review said response and then to follow up with proper paperwork to the Court at that time. |

| Judicial Officer: | Williams, Kyle P. |
|---|---|
| Hearing Date: | 05/24/2024 |

| 05/30/2024 | **Response Filed** |
|---|---|
| | Reply in Support of Partial Motion to Dismiss |

| Filed By: | FREUDENBERG MEDICAL, LLC |
|---|---|
| File Stamp: | 05/30/2024 |

| 05/31/2024 | **Order Granting** |
|---|---|
| | ORDER GRANTING DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION entered. Counts I, II and IV of Plaintiff's complaint against Freudenberg Medical, and Counts I, II and III of Plaintiff's complaint against Monique S. Dempsey are hereby dismissed in their entirety, without prejudice. |

| Judicial Officer: | Williams, Kyle P. |
|---|---|
| Movant: | FREUDENBERG MEDICAL, LLC |
| Order Signed: | 05/30/2024 |

| 06/01/2024 | **Automated Paper Notice Issued to Parties** |
|---|---|
| | Order Granting ---- 5/31/2024 : MONIQUE S DEMPSEY |

| 06/01/2024 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting ---- 5/31/2024 : W. Edward Skees;Paul C Sweeney;Phillip Jimerson Jones |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**LUKER, KAREN S**
Plaintiff

Balance Due (as of 06/21/2024)

0.00

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 03/01/2024 | Transaction Assessment | 232.00 |
| 03/01/2024 | Electronic Payment | (232.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

IN THE CLARK _____ COURT
STATE OF INDIANA

| | |
|---|---|
| KAREN S LUKER | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FREUDENBERG MEDICAL, LLC | ) |
|     SERVE: | ) |
|     CORPORATION SERVICE COMPANY | ) |
|     REGISTERED AGENT | ) |
|     135 NORTH PENNSYLVANIA STREET | ) |
|     SUITE 1610 | ) |
|     INDIANAPOLIS, IN 46204 | ) |
| | ) |
| AND | ) |
| | ) |
| MONIQUE S. DEMPSEY | ) |
|     Defendants | ) |

*Filed Electronically*
**APPEARANCE BY ATTORNEY IN CIVIL CASE**

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __X__ Responding ___ Intervening ___; and the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party:          Karen S. Luker

2. Attorney information for service
   Name:                        W. Edward Skees
   Atty. Number:              21827-22
   Address:                     415 W. First Street
                                    New Albany, IN 47150
   Phone:                       (812) 944-9990
   FAX:                          (812) 954-0363
   Email Address:            ed@skeeslaw.com

   IMPORTANT:        Each attorney specified on the appearance:
   (a) certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
   (b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email**

**address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he is solely responsible for keeping his Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorney contact information on the Courts Portal at *http://portal.courts.in.gov*.

3.  This is a PL case type as defined in administrative Rule 8(B)(3).

4.  I will accept service by FAX at the above noted number:  Yes _____ No __X__

5.  This case involves child support issues. Yes _____ No _X__

6.  This case involves a protection from abuse order, a workplace violence restraining order,  or a no – contact order.  Yes _____ No _X__

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X__

8.  There are related cases: Yes _____ No _X__ *(If yes, list on continuation page.)*

9.  Additional information required by local rule: N/A

10.  There are other party members: Yes _____ No _X__ *(If yes, list on continuation page.)*

11.  This form has been served on all other parties:  Yes __No _X__

Respectfully submitted,

*/s/ W. Edward Skees*_____
W. Edward Skees, #21827-22
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN  47150
(812) 944-9990
(812) 944-8033 (fax)
*ed@skeeslaw.com*

2

IN THE CLARK _____ COURT

STATE OF INDIANA

| | |
|---|---|
| KAREN S LUKER | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FREUDENBERG MEDICAL, LLC | ) |
|     SERVE: | ) |
|     CORPORATION SERVICE COMPANY | ) |
|     REGISTERED AGENT | ) |
|     135 NORTH PENNSYLVANIA STREET | ) |
|     SUITE 1610 | ) |
|     INDIANAPOLIS, IN 46204 | ) |
| | ) |
| AND | ) |
| | ) |
| MONIQUE SUZZETTE DEMPSEY | ) |
|     Defendants | ) |

*Filed Electronically* **SUMMONS**

The State of Indiana to Defendant: FREUDENBERG MEDICAL, LLC
Address for service:    CORPORATION SERVICE COMPANY
REGISTERED AGENT
135 NORTH PENNSYLVANIA STREET, SUITE 1610
INDIANAPOLIS, IN 46204

      You have been sued by the entity named "plaintiff" above in the Court for Clark County.
      The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.
      You must answer the complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.  If you deny the demand and/or have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.  It is suggested that you consult with an attorney of your choice regarding this matter.  The following manner of service of summons is hereby designated:  Certified Mail

*/s/ W. Edward Skees*
Attorney for Plaintiff (ISBN 21827-22)
W. Edward Skees
The Skees Law Office
415 W. First Street
New Albany, IN 47150
(812) 944-9990
*ed@skeeslaw.com*

Date _____, 2024
3/1/2024

_____
Clerk, Clark _____ Court

CLARK COUNTY CLERK
INDIANA

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2024, I mailed a copy of this summons and a copy of the complaint to the defendant, FREUDENBERG MEDICAL, LLC by certified mail, requesting a return receipt, at the address of the agent for service of process.

_____
Counsel for Plaintiff

Dated: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint mailed to defendant FREUDENBERG MEDICAL, LLC were accepted by the defendant on the _____ day of _____, 2024.

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint were returned not accepted on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the summons mailed to defendant FREUDENBERG MEDICAL, LLC was accepted by _____ (age) _____ on behalf of said defendant on the _____ day of_____, 2024.

_____

Dated: _____

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at _____, this _____ day of _____, 2024.

2

Filed: 3/1/2024 10:57 AM
Clerk
Clark County, Indiana

Clark Superior Court 6

IN THE CLARK _____ COURT
STATE OF INDIANA

KAREN S LUKER                               )
    Plaintiff                              )
                                 )
v.                                          )
                                   )
MONIQUE S. DEMPSEY                     )
                                 )
AND                                         )
                                 )
MONIQUE S. DEMPSEY                         )
    Defendants                             )

*Filed Electronically* **SUMMONS**

The State of Indiana to Defendant: MONIQUE S. DEMPSEY
Address for service:        3608 Alyn Ct.
                        Jeffersonville, IN 47130

       You have been sued by the entity named "plaintiff" above in the Court for Clark County.
       The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.
       You must answer the complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.  If you deny the demand and/or have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.  It is suggested that you consult with an attorney of your choice regarding this matter.  The following manner of service of summons is hereby designated:  Certified Mail

*/s/ W. Edward Skees*
Attorney for Plaintiff (ISBN 21827-22)
W. Edward Skees
The Skees Law Office
415 W. First Street
New Albany, IN 47150
(812) 944-9990
*ed@skeeslaw.com*

Date _____ 2024
3/1/2024

Clerk, Clark _____ Court

CLARK COUNTY CLERK
INDIANA

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2024, I mailed a copy of this summons and a copy of the complaint to the defendant, MONIQUE S. DEMPSEY by certified mail, requesting a return receipt, at the address of the agent for service of process.

_____
Counsel for Plaintiff

Dated: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint mailed to defendant MONIQUE S. DEMPSEY were accepted by the defendant on the _____ day of _____, 2024.

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint were returned not accepted on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the summons mailed to defendant MONIQUE S. DEMPSEY was accepted by _____ (age) _____ on behalf of said defendant on the _____ day of_____, 2024.

_____

Dated: _____

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at _____, this _____ day of _____, 2024.

2

Filed: 3/1/2024 10:57 AM
Clerk
Clark County, Indiana

IN THE CLARK _____ COURT

STATE OF INDIANA

KAREN S LUKER                         )
    Plaintiff                         )
                                      )
v.                                    )
                                      )
FREUDENBERG MEDICAL, LLC              )
    SERVE:                            )
    CORPORATION SERVICE COMPANY       )
    REGISTERED AGENT                  )
    135 NORTH PENNSYLVANIA STREET     )
    SUITE 1610                        )
    INDIANAPOLIS, IN 46204            )
                                      )
AND                                   )
                                      )
MONIQUE S. DEMPSEY                    )
    Defendants                        )

## COMPLAINT

For her Complaint against Defendant Freudenberg Medical, LLC and Defendant

Monique S. Dempsey, Plaintiff Karen S. Luker ("Plaintiff") states as follows:

### The Parties

1.    Plaintiff Karen S. Luker is an Indiana resident.

2.    Defendant Freudenberg Medical, LLC ("Freudenberg") is a Delaware limited liability

company.  Its principal office is located at 40 Sam Fonzo Drive, Beverly, MA 01930.

Freudenberg operates a facility located at 2301 Centennial Blvd., Jeffersonville, IN 47130.

3.    Upon information and belief, Defendant Monique S Dempsey ("Dempsey") is an Indiana

resident residing at 3608 Alyn Ct., Jeffersonville, IN 47130.

### Jurisdiction and Venue

4.    The amount in controversy exceeds the minimum for jurisdiction in this Court.

5.      This court has jurisdiction over this matter as the property at issue is located in Clark County.

6.      Venue is proper in this Court as Defendant's principal office is located in Clark County and the events giving rise to this Complaint occurred, at least in part, in Clark County.

<u>Factual Background</u>

7.      Until she was terminated, Plaintiff was employed with Freudenberg at its location at 2301 Centennial Blvd., Jeffersonville, IN 47130.

8.      Freudenberg claims to have a zero tolerance policy regarding employee violence.

9.      On March 5, 2023, Plaintiff was working at Freudenberg performing her regular duties.

10.     At that time, Dempsey was employed by Freudenberg in a management and/or supervisory capacity.

11.     Dempsey falsely accused Plaintiff of writing the wrong part number on paperwork she completed.

12.     In response, Plaintiff informed Dempsey she had written the correct part number down on the paperwork.

13.     When Plaintiff turned away from Dempsey, Dempsey attacked Plaintiff and struck her in the back.

14.     Plaintiff sustained significant injuries in the attack.

15.     For the remainder of the day, Dempsey harassed Plaintiff, yelled at her and insulted her.

16.     Plaintiff informed another supervisor "Jessica" about the assault.

17.     Freudenberg did not investigate the attack and did not discipline Dempsey.

18.     Plaintiff sought medical treatment for the injuries she received.

19.    Freudenberg terminated Plaintiff's employment in retaliation for seeking medical treatment, pursuing a workers' compensation claim and for reporting the attack to the police.

20.    Freudenberg terminated Plaintiff for complaining about Dempsey's actions.

21.    Because of Defendants' negligence and tortious conduct, Plaintiff has suffered significant injuries, lost income and emotional distress.

## COUNT I - NEGLIGENCE

22.    Plaintiff incorporates by reference the allegations set forth above.

23.    As an employer, Freudenberg owed Plaintiff a duty to provide a safe work environment.

24.    Freudenberg knows its employees rely on Freudenberg to monitor and enforce its zero-tolerance employee violence policy.

25.    Dempsey had a duty to avoid injuring Plaintiff.

26.    Defendants breached their duties and failed to prevent Plaintiff's injuries.

27.    Freudenberg breached its duty by failing and refusing to enforce its zero-tolerance policy.

28.    Defendants' breach is the direct and proximate cause of Plaintiff's damages.

29.    Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30.    Plaintiff incorporates by reference the allegations set forth above.

31.    Defendants owed Plaintiff a duty of care.

32.    Defendants breached their duty by failing to prevent the physical attack by Dempsey.

33.    Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

34.    Defendants' negligence caused Plaintiff to suffer emotional distress.

35.    Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

## COUNT III – ASSAULT AND BATTERY

36.    Plaintiff incorporates by reference the allegations set forth above.

37.    Dempsey intentionally attacked Plaintiff using a physical object.

38.    Dempsey's actions caused an eminent fear of physical injury.

39.    Dempsey's attack caused Plaintiff to suffer a physical injury.

40.    Dempsey's conduct is the direct and proximate cause of Plaintiff's damages.

41.    Plaintiff is entitled to a money judgment against Dempsey in an amount to be determined at trial.

## COUNT IV – BREACH OF IMPLIED CONTRACT

42.    Plaintiff incorporates by reference the allegations set forth above.

43.    Plaintiff and Freudenberg are parties to contractual agreements that are in writing, oral and based on the course of conduct and course of dealing between the parties.

44.    Under the parties' agreements, Plaintiff was employed to provide work at Freudenberg.

45.    In return, Freudenberg was required to compensate Plaintiff and provide a work atmosphere that is safe and free of harassment and assault by management and supervisors.

46.    Plaintiff fulfilled her obligations under the parties' agreements.

47.    Freudenberg breached the parties' contracts by failing to provide a safe work environment, free of harassment and assault.

48.    Freudenberg breached the parties' contracts by refusing or failing to enforce its zero-tolerance employee violence policy.

49.    Plaintiff has been damaged as a direct result of Freudenberg's actions.

50.     Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

## **COUNT V –WRONGFUL TERMINATION/RETALIATION**

51.     Plaintiff incorporates by reference the allegations set forth above.

52.     As shown above, Freudenberg terminated Plaintiff because she sought medical treatment and because she complained about Dempsey's attack.

53.     Plaintiff's employment was terminated in retaliation for seeking a workers' compensation claim.

54.     Plaintiff suffered and will continue to suffer lost wages and other damages as a result of the actions of Freudenberg.

55.     Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A money judgment against Defendants in an amount to be determined at trial;

B.     An award of punitive damages against Defendants in an amount sufficient to punish the Defendants for willful, wanton, oppressive, fraudulent, malicious and/or grossly negligent conduct;

C.     Leave of Court, if and when necessary, to amend this Complaint,

D.     A trial by jury on all issues so triable;

E.     An award of her costs herein expended including attorney's fees; and

F.     Any and all other relief to which she may properly be entitled.

Respectfully submitted,

*/s/ W. Edward Skees*
W. Edward Skees (ISBN 21827-22)
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
Phone: (812) 944-9990
Fax:     (812) 954-0363
Email: ed@skeeslaw.com

STATE OF INDIANA       )         **IN THE CLARK SUPERIOR COURT 6**
                        ) SS:
COUNTY OF CLARK      )         **CAUSE NO. 10D06-2403-PL-000016**

KAREN S. LUKER,        )
                         )
         **Plaintiff,**      )
    **v.**                   )
                         )
**FREUDENBERG MEDICAL, LLC**   )
**and MONIQUE S. DEMPSEY**    )
                         )
        **Defendants.**     )

## E-FILING APPEARANCE BY ATTORNEYS IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:

   Initiating _____        Responding  **X**    Intervening _____; and

   The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party:  **Freudenberg Medical, LLC**

   Address of party ((see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order):

   **2301 Centennial Blvd, Jeffersonville, IN 47130**

   Telephone # of party: **(812) 280-2400**

   (List on a continuation page additional parties this attorney represents in this case.)

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Paul C. Sweeney, Atty. No. 20392-29
   ICE MILLER LLP
   One American Square, Suite 2900
   Indianapolis, IN 46282
   Phone: (317) 236-2100
   Fax: (317) 236-2219
   paul.sweeney@icemiller.com

Phillip J. Jones, Atty. No. 36859-53
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
phillip.jones@icemiller.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    **acknowledges that all documents served under Trial Rule 86(B) may be sent to the attorney at the email address specified by the attorney on the Roll of Attorneys for inclusion on the Public Service List regardless of the contact information listed above for the attorney**; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a __PL__ case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes _____ No __X__

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order.  Yes ___ No __X__

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:  __N/A__

7.  There are related cases: Yes _____ No __X__ *(If yes, list on continuation page.)*

8.  Additional information required by local rule:  __N/A__

9.  There are other party members: Yes _____ No __X__ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached: Yes __X__ No_____

Respectfully submitted,

*/s/ Paul C. Sweeney*

Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

Attorneys for Defendant,
Freudenberg Medical, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 25th day of March, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**

> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

> */s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

Filed: 3/27/2024 11:29 AM
Clerk
Clark County, Indiana

**STATE OF INDIANA**      )         **IN THE CLARK SUPERIOR COURT 6**
                 ) SS:
**COUNTY OF CLARK**      )         **CAUSE NO. 10D06-2403-PL-000016**

**KAREN S. LUKER,**             **)**
                            **)**
         **Plaintiff,**         **)**
    **v.**                      **)**
                            **)**
**FREUDENBERG MEDICAL, LLC**     **)**
**and MONIQUE S. DEMPSEY**        **)**
                            **)**
         **Defendants.**       **)**

## DEFENDANT FREUDENBERG MEDICAL, LLC'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Freudenberg Medical, LLC ("Freudenberg Medical"), by counsel, pursuant to Indiana Trial Rule 6(B)(1), respectfully moves the Court for an initial thirty (30) day enlargement of time to answer or otherwise respond to Plaintiff's Complaint. In support of this Motion, Freudenberg Medical states as follows:

1.     On or about March 1, 2024, Plaintiff filed her Complaint.

2.     Plaintiff served her Complaint on Freudenberg Medical by certified mail on March 5, 2024.

3.     Freudenberg Medical's response to Plaintiff's Complaint is due on or before March 28, 2024, and said time has not expired.

4.     No prior enlargements of time have been requested.

5.     Freudenberg Medical respectfully requests an initial thirty (30) day enlargement of time to answer or otherwise respond to Plaintiff's Complaint, to and including April 22, 2024. This request is made for good cause and not for purposes of delay.

6.    Counsel for Freudenberg Medical contacted counsel for Plaintiff via telephone on March 22, 2024, and counsel for Plaintiff has no objection to an initial 30-day extension of time for Freudenberg Medical to file it's answer or other responsive pleading to Plaintiff's Complaint.

WHEREFORE, Defendant, Freudenberg Medical, LLC, by counsel, requests an initial enlargement of time of thirty (30) days to and including April 22, 2024, to file an answer or otherwise respond to Plaintiff's Complaint, and all other just and proper relief.

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

Attorneys for Defendant,
Freudenberg Medical, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 25th day of March, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**
>
> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

### IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
### STATE OF INDIANA

| | |
|---|---|
| **KAREN S. LUKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )    **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** | ) |
| **and MONIQUE S. DEMPSEY** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT FREUDENBERG MEDICAL, LLC'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Freudenberg Medical, LLC ("Freudenberg Medical"), by counsel, pursuant to Indiana Trial Rule 6(B)(1), respectfully moves the Court for an initial thirty (30) day enlargement of time to answer or otherwise respond to Plaintiff's Complaint. In support of this Motion, Freudenberg Medical states as follows:

1.  On or about March 1, 2024, Plaintiff filed her Complaint.

2.  Plaintiff served her Complaint on Freudenberg Medical by certified mail on March 5, 2024.

3.  Freudenberg Medical's response to Plaintiff's Complaint is currently due on or before March 28, 2024, and said time has not expired.

4.  No prior enlargements of time have been requested.

5.  Counsel for Freudenberg Medical contacted counsel for Plaintiff via telephone on March 22, 2024, and counsel for Plaintiff has no objection to an initial 30-day extension of time for Freudenberg Medical to file it's answer or other responsive pleading to Plaintiff's Complaint.

6.  Freudenberg Medical respectfully requests an initial thirty (30) day enlargement of time to answer or otherwise respond to Plaintiff's Complaint, to and including April 22, 2024.

7.    This request is made for good cause and not for purposes of delay.

WHEREFORE, Defendant, Freudenberg Medical, LLC, by counsel, requests an unopposed initial enlargement of time of thirty (30) days to and including April 22, 2024, to file an answer or otherwise respond to Plaintiff's Complaint, and all other just and proper relief.

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

Attorneys for Defendant,
Freudenberg Medical, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 26th day of March, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**
>
> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
STATE OF INDIANA

| | | |
|---|---|---|
| **KAREN S. LUKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** | ) | |
| **and MONIQUE S. DEMPSEY** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING DEFENDANT FREUDENBERG MEDICAL, LLC'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant Freudenberg Medical LLC, by counsel, having filed its Motion for an unopposed initial thirty (30) day enlargement of time to respond to Plaintiff's Complaint pursuant to Indiana Trial Rule 6(B)(1), and the Court being duly advised now GRANTS said Motion.

IT IS, THEREFORE, ORDERED that the time within which Defendant Freudenberg Medical, LLC may answer or otherwise respond to Plaintiff's Complaint is hereby extended to and including April 22, 2024.

SO ORDERED this ___26th___ day of _____March_____, 2024.

_____
The Honorable Kyle P. Williams
Judge, Clark Superior Court No. 6

**Tendered by:** Paul C. Sweeney, Attorney for Defendant Freudenberg Medical, LLC

**Distribution to all counsel of record via the Indiana E-Filing System.**

**Via U.S. First Class Mail to the following:**

    Monique S. Dempsey, pro se
    3608 Alyn Court
    Jeffersonville, IN 47130

Clark Superior Court      March 18, 2024

RE: 10 D06-2403-PL-000016

To: Attorney for Plaintiff (ISBN 21827-22)
   W. Edward Skees
   415 W. First Street
   New Albany, In 47150
   812-944-9990
   ed@skeeslaw.com

**FILED**

MAR 26 2024

Ryan Lynch
CLERK CLARK CIRCUIT COURTS

From: Monique S. Dempsey
   3608 Flynn Ct
   Jeffersonville, In 47130
   812-786-7236
   wfdmsdempsey@gmail.com

On March 4th, 2024 received Summons, Complaint by certified mail from the Skees Law Office.
On March 18th, 2024 I, Monique Dempsey am responding to the complaint of plaintiff Karen Luther.
1. I did not accuse the plaintiff of anything or about anything on March 5th, 2023.
2. I did not attack the plaintiff physically on March 5th, 2023.
3. I did not harass the plaintiff about anything at anytime on March 5th, 2023.
4. I did not yell at the plaintiff or insult the plaintiff about anything at anytime on March 5th, 2023.

*(ISBN 2182722)*

*Filed on March 1st, 2024*

*Karen Lukar*
*W, Edward Skees, Attorney*

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2024, I mailed a copy of this summons and a copy of the complaint to the defendant, MONIQUE S. DEMPSEY by certified mail, requesting a return receipt, at the address of the agent for service of process.

_____
Counsel for Plaintiff

Dated: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint mailed to defendant MONIQUE S. DEMPSEY were accepted by the defendant on the __4__ day of ____*March*____, 2024.

I hereby certify that the attached receipt was received by me showing that the summons and a copy of the complaint were returned not accepted on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the summons mailed to defendant MONIQUE S. DEMPSEY was accepted by _____ (age) _____ on behalf of said defendant on the _____ day of _____, 2024.

_____

Dated: _____

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at _3608 Flyn ct, Jeffersonville, In 47130_____, this __4__ day of __*March*__, 2024.

# FILED

MAR 26 2024

*Ryan Lynch*
CLERK CLARK CIRCUIT COURTS

2

**IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY**
**STATE OF INDIANA**

| | |
|---|---|
| **KAREN S. LUKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** ) | |
| **and MONIQUE S. DEMPSEY** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL**
**MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Indiana Trial Rule 12(B)(1), Defendant, Freudenberg Medical, LLC

("Freudenberg Medical"), by counsel, respectfully moves this Court to dismiss Counts I, II, and

IV of Plaintiff's Complaint against it due to lack of subject matter jurisdiction. Although counsel

for Freudenberg Medical does not likewise represent Dempsey, as officers of this Court, they

include the dismissal of Counts I, II and III against Dempsey in this motion to dismiss because the

same fall within the exclusive jurisdiction of the Worker's Compensation Board of Indiana (the

"Worker's Compensation Board") and the Indiana Worker's Compensation Act (the "Worker's

Compensation Act").

As discussed more fully in Defendant's Brief in Support of this Motion filed

contemporaneously herewith, Plaintiff has asserted claims against Freudenberg Medical (Counts

I, II and IV) and Dempsey (Count I, II and III) that fall within the scope of the Worker's

Compensation Act, which is the exclusive remedy for employees who suffer personal injuries or

death arising out of and in the course of their employment. Ind. Code § 22-3-2-6. Cases within the

scope of the Worker's Compensation Act are to be decided exclusively by the Worker's

Compensation Board, and the Worker's Compensation Act's exclusivity provision bars a court

from hearing any common law action brought by the employee for the same injuries or death. *See* Ind. Code § 22-3-1-2; *Sims v. United States Fid. & Guar. Co.*, 782 N.E.2d 345, 349–50 (Ind. 2003).

Counts I, II, III and IV of Plaintiff's Complaint fall within the scope of the Worker's Compensation Act, and, therefore, should be dismissed, without prejudice, for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/ Paul C. Sweeney*

Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

**Attorneys for Defendant,
Freudenberg Medical, LLC**

- 2 -

4891-2035-1670.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically and served upon

the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this

the 22nd day of April, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**
>
> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

<div align="right"><em>/s/ Paul C. Sweeney</em>_____</div>

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

- 3 -

## IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
## STATE OF INDIANA

| | |
|---|---|
| **KAREN S. LUKER,**                 ) | |
|                     ) | |
|     **Plaintiff,**           ) | |
|     **v.**                       ) | |
|                     ) | **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC**   ) | |
| **and MONIQUE S. DEMPSEY**     ) | |
|                     ) | |
|     **Defendants.**          ) | |

## BRIEF IN SUPPORT OF DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION

### I.    INTRODUCTION

Plaintiff Karen Luker ("Luker" or "Plaintiff") filed a five (5) count Complaint against Defendants Freudenberg Medical, LLC ("Freudenberg Medical") and Monique Dempsey ("Dempsey") relating to injuries Plaintiff allegedly sustained at work on or around March 5, 2023. Plaintiff asserts four (4) counts against Freudenberg Medical including negligence (Count I); negligent infliction of emotional distress (Count II); breach of implied contract (Count IV); and wrongful termination and retaliation (Count V). Plaintiff asserts three (3) counts against Dempsey, Counts I and II, also asserted against Freudenberg Medical, and Count III, for assault and battery.

This Court lacks subject matter jurisdiction over Counts I, II, III,[1] and IV of Plaintiff's Complaint because the Indiana Worker's Compensation Act (the "Worker's Compensation Act") serves as the exclusive remedy against employers for injury or death arising out of and in the course of employment. *See* Ind. Code § 22-3-2-6. Consequently, the Worker's Compensation

---

[1] Although counsel for Freudenberg Medical do not likewise represent Dempsey, as officers of this Court, they include the dismissal of Counts I, II, and III against Dempsey because the same fall within the exclusive jurisdiction of the Worker's Compensation Board and the Worker's Compensation Act. *See* discussion in the body of this brief below.

Board of Indiana (the "Worker's Compensation Board"), and not this Court, has exclusive jurisdiction to hear any common law action brought by Plaintiff within the scope of the Worker's Compensation Act. *See* Ind. Code § 22-3-1-2. Pursuant to Rule 12(B)(1) of the Indiana Rules of Trial Procedure, Freudenberg Medical moves to dismiss Counts I, II, III, and IV of Plaintiff's Complaint, without prejudice.

## II.    FACTS PERTINENT TO SUBJECT MATTER JURISDICTION

1.     Plaintiff was employed by Freudenberg Medical as a Manufacturing Associate on third shift at Freudenberg Medical's facility in Jeffersonville, Indiana ("Jeffersonville facility") until her termination on May 5, 2023. (Complaint, ¶ 7; Affirmation of Teresa Smallwood ("Smallwood Aff."), appended here to as Exhibit 1, ¶ 4.)

2.     Dempsey is employed by Freudenberg Medical as a Manufacturing Associate. She currently works on third shift at Freudenberg Medical's Jeffersonville facility. (Smallwood Aff. ¶ 5.) Dempsey and Plaintiff worked in the same department, on the same shift, third shift, on March 5, 2023. (*Id*.)

3.     From time to time, Dempsey functions as a trainer within her department and trains or assists other Manufacturing Associates with best practices on the manufacturing line. (*Id*.)

4.     At no point has Dempsey held a supervisory role at Freudenberg Medical. (*Id*.) At no point did Dempsey have supervisory authority over Plaintiff, including in Dempsey's role as a trainer. (*Id*.)

5.     On Sunday, March 5, 2023, Plaintiff and Dempsey got into an argument in which Plaintiff alleges Dempsey accused Plaintiff of writing the wrong part number on paperwork Plaintiff completed. (Compl. ¶¶ 11-12; Smallwood Aff. ¶ 6.)

6.      At some point during the argument, Dempsey tapped Plaintiff on the behind with her clipboard. (*See* Compl. ¶ 13; Smallwood Aff. ¶ 6.)

7.      On Tuesday, March 7, 2023, Luker reported to Teresa Smallwood ("Smallwood"), Human Resources Generalist, that an incident had occurred between her and Dempsey on Sunday, March 5, 2023. Luker reported that her and Dempsey got into a verbal argument over paperwork that Luker completed as part of her duties on the assembly line. Luker also advised Smallwood that at some point during the argument Dempsey struck her on the back side of her body with a clipboard. (Smallwood Aff. ¶ 6.)

8.      On March 7, 2023, Smallwood opened up the investigation and started a first report of injury document. As a part of her investigation, Smallwood spoke to all of the witnesses identified by Luker, which included Whalen and the other Manufacturing Associates working in the same areas as Luker and Dempsey on March 5, 2023. (*Id.* at ¶ 7.)

9.      On March 17, 2023, Smallwood submitted the First Report of Injury document to Freudenberg Medical's worker's compensation insurance carrier, Travelers Insurance. (Smallwood Aff. ¶ 9.)

10.     Upon information and belief, Plaintiff has not pursued a worker's compensation claim with the Worker's Compensation Board. (*Id.*)

11.     Plaintiff asserts Freudenberg Medical "owed Plaintiff a duty to provide a safe work environment." (Compl. ¶ 23.)

12.     Plaintiff asserts, "Dempsey had a duty to avoid injuring Plaintiff." (Compl. ¶ 25.)

13.     Plaintiff asserts, "Defendants breached their duties and failed to prevent Plaintiff's injuries[]" and that "Defendants' breach is the direct and proximate cause of Plaintiff's damages." (Compl. ¶¶ 26 and 28 (Count I).)

4870-7630-1749.7

14.     Plaintiff also asserts Defendants "owed Plaintiff a duty of care[,]" that they "breached their duty by failing to prevent the physical attack by Dempsey[]"and that "Defendants' negligence caused Plaintiff to suffer emotional distress." (Compl. ¶¶ 31-32 and 34 Count II).)

15.     Count III of Plaintiff's Complaint incorporates by reference all of the allegations asserted in Counts I and II of the Complaint, and then asserts a claim for assault and battery against Dempsey. (Complaint, ¶¶ 36-41 (Count III).)

16.     Plaintiff asserts Freudenberg Medical "breached the parties' contracts by failing to provide a safe work environment, free of harassment and assault." (Compl. ¶ 47 (Count IV).)

17.     No Freudenberg Medical policies or practices authorize an employee to cause harm to another employee. In fact, Freudenberg Medical's policy prohibits such conduct. (Smallwood Aff. ¶ 10.)

18.     Freudenberg Medical did not instruct or authorize Dempsey to harm Plaintiff on the relevant date or at any other time. (Smallwood Aff. ¶ 11.)

19.     Freudenberg Medical had no knowledge that Dempsey intended to harm Plaintiff on the relevant date or that such alleged harm would occur. (Smallwood Aff. ¶ 12.)

20.     Freudenberg Medical did not intend to cause harm or injury to Plaintiff on the relevant date or at any other time. (Smallwood Aff. ¶ 13.)

## III.    ARGUMENT

### A.    Standard of Review

When challenging subject matter jurisdiction, the proper method to advance the defense is through a motion to dismiss under Rule 12(B)(1) of the Indiana Rules of Trial Procedure. *Walls v. Markley Enterprises, Inc.*, 116 N.E.3d 479, 482 (Ind. Ct. App. 2018). When presented with such a motion, a court must determine the threshold question of whether it possesses

- 4 -

authority to hear the dispute before it. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994). If the court finds that subject matter jurisdiction is lacking, it is then without power to further adjudicate the action and dismissal of the matter without prejudice is necessary. *Id.* Since dismissal for lack of subject matter jurisdiction is without prejudice, following dismissal, the plaintiff may elect to pursue the claim in the tribunal having jurisdiction over the claim, e.g., the Worker's Compensation Board in this situation. *Id.*

Here, it is the Worker's Compensation Act that provides the exclusive remedy, and it is the Worker's Compensation Board that provides exclusive jurisdiction. Upon information and belief, Plaintiff has not yet pursued a claim before the Worker's Compensation Board, which claim she may file on or before two (2) years from her alleged date of injury, March 5, 2023, which would be a deadline of March 5, 2025. There is no choice of forum argument that would confer jurisdiction of this claim to the Court because of Plaintiff's current failure to pursue her worker's compensation claim before the Worker's Compensation Board. *See* Ind. Code § 22-3-2-6. Once the Worker's Compensation Act applies or the facts appear to make an accident (defined below) fall within the Worker's Compensation Act, the exclusivity provisions bar a court from hearing any common-law action brought by the employee for the same injuries. *Sims v. United States Fid. & Guar. Co.*, 782 N.E.2d 345, 349–50 (Ind. 2003).

In its jurisdictional review, the court "may consider not only the complaint and motion but any affidavits or other evidence submitted." *Id.* at 1287; *see also Eichstadt v. Frisch's Restaurants, Inc.*, 879 N.E.2d 1207, 1209 (Ind. Ct. App. 2008). The court may weigh the evidence before it, "to determine the existence of the requisite jurisdictional facts." *Perry*, 637 N.E.2d at 1287; *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001).

**B.**      **Counts I, II, and IV of the Complaint Against Freudenberg Medical, the Employer, and Counts I, II and III, against Dempsey, Plaintiff's Coworker, Should Be Dismissed Because the Worker's Compensation Act, Not the Civil Courts, Provides the Exclusive Remedy for the Asserted Claims.**

The Indiana Legislature established the Worker's Compensation Act as the exclusive remedy against an employer for injury or death arising out of and in the course of employment. *See* Ind. Code § 22-3-2-6. Cases within the scope the Worker's Compensation Act are to be decided by the Worker's Compensation Board, and the Worker's Compensation Act's exclusivity provision restricts a state court from hearing any common law action brought by the employee for the same injuries or death. *See* Ind. Code § 22-3-1-2; *Sims,* 782 N.E.2d at 349–50. In pertinent part, the Worker's Compensation Act's exclusivity provision provides:

> The rights and remedies granted to an employee subject to [the Worker's Compensation Act] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.

Ind. Code § 22-3-2-6.

The Indiana Supreme Court has found the above statutory provision unambiguous in operating to exclude common law rights and remedies of employees against an employer for claims falling within the scope of the Worker's Compensation Act, and that the provision unmistakably prevents an independent civil action for such claims. *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969 (Ind. 1986). In so finding, the Court explained:

> The continuing vitality of a workmen's compensation system not only serves the interests of the injured worker, it also benefits the business community in providing protection from large verdicts and by permitting the business community to more easily predict, quantify and plan for anticipated costs from employee injuries.

> The right and responsibility to determine these public policies, and to adopt, improve, refine, and perfect legislation directed thereto, falls not to us but to the legislature. Our role is to construe and apply these enactments so as to carry out legislative intent. Public policy purposes benefiting both business and labor have thus been served by the long-standing approach of Indiana courts to liberally construe workmen's compensation laws.

*Evans*, 491 N.E.2d at 971.

A claim is within the exclusive scope of the Worker's Compensation Act if the "employee's injury occurred by accident arising out of and in the course of employment." *Sims*, 782 N.E.2d at 349-50.[2] There is strong public policy favoring the coverage of employees under the Worker's Compensation Act. *Perry*, 637 N.E.2d at 1286. Thus, when a plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act. *Id.*

Plaintiff ignored the requirement to pursue the worker's compensation procedures as set forth in Ind. Code § 22-3-1-1 *et. seq.* and instead improperly filed Counts I, II, III, and IV of the Complaint in state court. If Plaintiff wished to pursue a personal injury action arising out of actions in the course of employment against Freudenberg Medical resulting from the alleged assault by Dempsey, then she must file an Application for Adjustment of Claim with the Worker's Compensation Board. If Plaintiff disagrees with the Worker's Compensation Board's decision, she can pursue litigation in the Indiana Court of Appeals following that determination. Indiana state courts of general jurisdiction may not hear any common law action within the scope

---

[2] Plaintiff asserts that her alleged injury was "by accident" and "arose out of employment and in the course of her employment," as discuss below.

of the Worker's Compensation Act.[3] *Sims*, 782 N.E.2d at 349-50. Accordingly, Plaintiff simply cannot choose the forum of a civil action to pursue Counts I, II, III, and IV. If the desired outcome is to seek compensation from Freudenberg Medical, her employer, for these claims, Plaintiff's exclusive option is to pursue an action with the Worker's Compensation Board, which time period has not expired.

As demonstrated below, Counts I, II, III, and IV of the Complaint fall squarely within the scope of the Worker's Compensation Act, and Plaintiff cannot establish any grounds for taking these claims outside the Worker's Compensation Act. Additionally, as to Count I, II and III, in particular, Plaintiff asserts Counts I and II against Demsey in addition to asserting the same against Freudenberg Medical and Count III, an assault and battery claim against Dempsey, alone, which similarly falls within the scope of the Worker's Compensation Act and thus outside this Court's jurisdiction. *See Skinner v. Martin*, 455 N.E.2d 1168 (Ind. Ct. App. 1983) (affirming dismissal of appellant-employee's claims for damages against coworker who struck appellant-employee in the face causing personal injury); *Nelson v. Denkin*, 598 N.E.2d 558 (Ind. Ct. App. 1992) (affirming dismissal of loss of consortium claim where employee was injured after coworker shoved him in the arm). Although counsel for Freudenberg Medical does not also represent Dempsey, Freudenberg Medical includes the dismissal of the claim against her in this lawsuit, Counts I, II and III, and respectfully suggests that, in the interest of justice, that Counts I, II and III as to Dempsey be dismissed along with Counts I, II and IV against Freudenberg Medical.

---

[3] The exclusivity provisions do not guarantee a result. A claimant before the Worker's Compensation Board has the burden of providing the statutory elements to be entitled to statutory compensation or benefits. *See* Ind. Code § 22-3-2-2.

- 8 -

### 1.    Plaintiff Asserts Her Injury Was "By Accident."

An injury is "by accident" under the Worker's Compensation Act when "the sufferer did not intend or expect that injury would, on that particular occasion, result from what [they were] doing." *Assocs. Corp. of N. Am. Smithley*, 621 N.E.2d 1116, 1121 (Ind. Ct. App. 1993). In simpler terms, "the statutory term 'injury or death by accident' . . . means unexpected injury or death." *Evans*, 491 N.E.2d at 975. Courts have regularly found that violence by one employee (or supervisor) against a co-employee is considered "by accident" under the Worker's Compensation Act, and corresponding claims against the employer are governed exclusively by the Worker's Compensation Act, and the Worker's Compensation Board.

Specifically, the Indiana Supreme Court has found that injuries sustained from workplace violence (or horseplay) are "by accident," absent an intentional act by the employer. *See Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1281 (Ind. 1994) (finding that stabbing injuries inflicted by one employee upon another to be "by accident"); *Evans*, 491 N.E.2d at 976 (finding death of employee who arrived at work at usual time, paused for coffee at eating area provided for employees, and was shot by an alcoholic and delusional coworker, was a death "by accident").

This is true even if Dempsey was Plaintiff's supervisor (which she was not). (Smallwood Aff. ¶ 5.) For example, in *Gordon v. Chrysler Motor Corp.*, the plaintiff-employee, Gordon, got into an argument with his supervisor regarding an unauthorized break taken by Gordon. 585 N.E.2d 1362, 1363 (Ind. Ct. App. 1992). The argument escalated resulting in the supervisor striking Gordon in the face, causing serious injuries and permanent disabilities. *Id.* Gordon thereafter brought tort claims against his employer and the supervisor. *Id.* The Indiana Court of Appeals affirmed the trial court's decision that the resulting tort claims were barred by the Worker's Compensation Act, concluding the trial court correctly determined Gordon's injury

occurred by accident arising out of and in the course of his employment. *Id.* at 1365. In analyzing whether the injury was "by accident," the Court found that Gordon could not have expected his injuries despite his argument that he anticipated the confrontation because of his supervisor's bad temper. *Id.* at 1364. *See also Smithley*, 621 N.E.2d at 1121 (finding that a claim brought by a former employee against an employer based upon a supervisor's alleged assault and battery was barred by the Worker's Compensation Act).

The same conclusion must be reached in the instant case. Plaintiff did not allege Freudenberg Medical intended or expected the incident between Plaintiff and Dempsey, and Plaintiff could not have intended or expected to be injured during a dispute with Dempsey over paperwork. Accordingly, Plaintiff's injury was "by accident," and meets the first threshold element of the Worker's Compensation Act.

### 2.    Plaintiff Asserts Her Injury Arose Out of Employment and in the Course of Her Employment.

The remaining threshold statutory elements both relate to the connection between the injury and Plaintiff's employment. As alleged, Plaintiff's claims meet both elements because Plaintiff alleged the incident took place at work and was related to her employment.

An injury "arises out of employment" when "a causal nexus exists between the injury or death and the duties or services performed by the injured employee." *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 164 (Ind. 2006). That causal nexus is established when a reasonably prudent person considers the injury to be incidental to the employment or when the facts indicate a connection between the injury and the circumstances under which the employment occurs. *Id.*; *Wine–Settergren v. Lamey*, 716 N.E.2d 381, 389 (Ind. 1999). It is not necessary that the injury should have been expected or foreseen. *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus*, 505 N.E.2d 101, 102–03 (Ind. Ct. App. 1987).

- 10 -

The "risk[s] incidental to employment" fall into three categories: (1) risks distinctly associated with employment, (2) risks personal to the claimant, and (3) risks of neither distinctly employment nor distinctly personal in character. *Milledge v. Oaks*, 784 N.E.2d 926, 930 (Ind. 2002) (citations omitted). Categories one and three are within the scope of the Worker's Compensation Act. *Id.*; *A Plus Home Health Care Inc. v. Miecznikowski*, 983 N.E.2d 140, 145 (Ind. Ct. App. 2012). Assaults, "includ[ing] attacks by 'lunatics,'" are category three "neutral" risks. *Evans*, 491 N.E.2d at 975. *See Shelby v. Truck & Bus Group Div. of General Motors Corp.,* 533 N.E.2d 1296, 1299 (Ind. Ct. App. 1989) (finding that injuries sustained when supervisor stuck hot metal rod into employee's groin area arose out of and in the course of employment).

The "in the course of" element refers to the time, place, and circumstances of the injury. *Gordon*, 585 N.E.2d, at 1365. Specifically, an injury occurs "in the course of" employment "if it occurs within the period of employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it." *Wolf Corp. v. Thompson*, 609 N.E.2d 1170, 1173 (Ind. Ct. App. 1993).

This case involves an alleged assault whereby there is a connection between Plaintiff's purported injury and the circumstances under which employment occurs. Specifically, Plaintiff complains she was injured on Freudenberg Medical's premises during working hours (in the course of) by a coworker due to an argument regarding paperwork Plaintiff completed as part of her job. (Compl. ¶¶ 11-14; Smallwood Aff. ¶¶ 6-7.) Further, Plaintiff alleges her injury was caused by (arose out of) Freudenberg Medical's negligent failure to enforce its workplace violence policy and/or provide Plaintiff a safe work environment. (Compl. ¶¶ 27, 47.) Therefore,

- 11 -

the Worker's Compensation Board could conclude the injury arose out of and in the course of Plaintiff's employment.

As demonstrated above, Counts I, II, III, and IV of Plaintiff's Complaint are within the scope of the Worker's Compensation Act. The Court should therefore grant Freudenberg Medical's partial motion to dismiss these counts based upon the Worker's Compensation Board's exclusive jurisdiction to determine whether the statutory elements are met.

### C. The Burden Shifts to Plaintiff to Demonstrate Some Grounds for Taking Counts I, II, III, and IV Outside the Worker's Compensation Act.

As referenced above, the face of the Complaint itself reflects that Counts I, II, III, and IV should be decided by the Worker's Compensation Board. When "the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act." *Id.* at 1286.

Plaintiff's allegations that Freudenberg Medical acted negligently is not sufficient to strip the Worker's Compensation Board of jurisdiction. *See Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994). As the Indiana Supreme Court in *Baker* stated:

> We agree that "mere" employer negligence or recklessness is not sufficient to strip the Worker's Compensation Board of jurisdiction and instead vest jurisdiction in a court of law. The employer that acts in the belief that it is causing an appreciable risk of harm to another may be negligent, and if the risk is great its conduct may be characterized as reckless or wanton, ***but it is not an intentional wrong.*** Thus . . . we agree that ***nothing short of deliberate intent to inflict an injury, or actual knowledge that any injury is certain to occur***, will suffice.

*Id.* (emphasis added) (citations omitted). *See also Shelby*, 533 N.E.2d at 1299 (finding plaintiff-employee's negligence claims against employer were barred by the Worker's Compensation Act's exclusivity provision).

- 12 -

The allegations against Freudenberg Medical and Dempsey in Counts I-IV of the Complaint simply do not rise to the high standard of culpability that the Indiana Supreme Court requires for intentional torts. *Baker*, 637 N.E.2d at 1275. In fact, Freudenberg Medical did not intend to cause harm or injury to Plaintiff at any time; no Freudenberg Medical policy or practice authorized Dempsey to cause harm to Plaintiff; Freudenberg Medical never instructed or authorized Dempsey to cause harm to Plaintiff; and Freudenberg Medical never had knowledge of whether Dempsey intended to harm Plaintiff or that such harm may occur. (Smallwood Aff. ¶¶ 10-13). Likewise, the Complaint fails to include well-pled facts establishing the requisite intent to harm Plaintiff by Dempsey.

Here, Plaintiff's own allegations in Counts I, II, III, and IV assert the role of the employment relationship in her purported injuries. Plaintiff alleges that Dempsey, an employee of Freudenberg Medical, injured Plaintiff on Freudenberg Medical's premises during work hours (Compl. ¶¶ 11-14); that Freudenberg Medical owed Plaintiff a duty to provide a safe work environment (Compl. ¶ 23); that Dempsey owed Plaintiff a duty to avoid injuring her (Complaint ¶ 25); that Defendants breached their duties and failed to prevent Plaintiff's injuries (Compl. ¶ 26); that Defendants negligently failed to prevent Plaintiff's injuries (Compl. ¶¶ 26-35); that Freudenberg Medical was contractually obligated to provide a work environment safe from workplace violence (Compl. ¶ 47); and that Freudenberg Medical breached an implied contract by failing to protect Plaintiff from workplace violence and/or enforce its policies. (Compl. ¶ 48.) Accordingly, the burden is on Plaintiff to demonstrate why the claims in connection with the alleged workplace injury are not barred by the exclusive remedy provision of the Worker's Compensation Act. Plaintiff cannot meet this burden. For these reasons, jurisdiction should

remain with the Worker's Compensation Board and this Court should dismiss Counts I-IV of the Complaint.

## IV.    <u>CONCLUSION</u>

As described above, the exclusivity provision of the Worker's Compensation Act prohibits Plaintiff from seeking remedies against Freudenberg Medical and Dempsey in this Court as stated in Count I-IV of the Complaint. The only appropriate venue to hear Counts I, II, III and IV of Plaintiff's Complaint is the Worker's Compensation Board, not this Court. Freudenberg Medical takes no position on whether or not Plaintiff can pursue Count III against Dempsey in another forum other than this Court. This Court lacks subject matter jurisdiction over Counts I, II, III, and IV of the Complaint, and it should, therefore, dismiss said Counts without prejudice.

WHEREFORE, Defendant, Freudenberg Medical respectfully requests that the Court dismiss Counts I, II, III, and IV of the Complaint without prejudice pursuant to Indiana T.R. 12(B)(1) and for all other necessary and proper relief.

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP

One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

**Attorneys for Defendant,**
**Freudenberg Medical, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 22nd day of April, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**

> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

- 15 -

4870-7630-1749.7

## IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
## STATE OF INDIANA

KAREN S. LUKER,                          )
                                         )
            Plaintiff,                   )
    v.                                   )
                                         )      CAUSE NO. 10D06-2403-PL-000016
FREUDENBERG MEDICAL, LLC                 )
and MONIQUE S. DEMPSEY                   )
                                         )
            Defendants.                  )

## DEFENDANT FREUDENBERG MEDICAL, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Freudenberg Medical, LLC ("Freudenberg Medical"), by counsel, for its Answer and Affirmative and Other Defenses to Plaintiff Karen Luker's ("Plaintiff") Complaint, states the following:

### The Parties

1.      Plaintiff Karen S. Luker is an Indiana resident.

**ANSWER:   Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.**

2.      Defendant Freudenberg Medical, LLC ("Freudenberg") is a Delaware limited liability company. Its principal office is located at 40 Sam Fonzo Drive, Beverly, MA 01930. Freudenberg operates a facility located at 2301 Centennial Blvd., Jeffersonville, IN 47130.

**ANSWER:   Freudenberg Medical admits the allegations contained in Paragraph 2 of the Complaint.**

- 1 -

4854-8592-2486.5

3.      Upon information and belief, Defendant Monique S Dempsey ("Dempsey") is an Indiana resident residing at 3608 Alyn Ct., Jeffersonville, IN 47130.

**ANSWER:   Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint and, therefore, denies the same.**

### Jurisdiction and Venue

4.      The amount in controversy exceeds the minimum for jurisdiction in this Court.

**ANSWER:   Freudenberg Medical admits the allegations contained in Paragraph 4 of the Complaint.**

5.      This court has jurisdiction over this matter as the property at issue is located in Clark County.

**ANSWER:   Freudenberg Medical admits the allegations contained in Paragraph 5 of the Complaint as to Count V, only. Freudenberg Medical denies that this Court has subject matter jurisdiction as to Counts I-IV of the Complaint. Freudenberg Medical denies all other allegations contained in Paragraph 5 of the Complaint.**

6.      Venue is proper in this Court as Defendant's principal office is located in Clark County and the events giving rise to this Complaint occurred, at least in part, in Clark County.

**ANSWER:   Freudenberg Medical denies the allegations contained in Paragraph 6 of the Complaint except that it admits that venue, as to Count V, only, is proper in this Court because this Court only has subject matter jurisdiction over Count V of the Complaint.**

- 2 -

**Factual Background**

7.      Until she was terminated, Plaintiff was employed with Freudenberg at its location at 2301 Centennial Blvd., Jeffersonville, IN 47130.

**ANSWER:    Freudenberg Medical admits the allegations contained in Paragraph 7 of the Complaint.**

8.      Freudenberg claims to have a zero tolerance policy regarding employee violence.

**ANSWER:    Freudenberg Medical denies the allegations contained in Paragraph 8 of the Complaint.**

9.      On March 5, 2023, Plaintiff was working at Freudenberg performing her regular duties.

**ANSWER:    Freudenberg Medical admits the allegations contained in Paragraph 9 of the Complaint.**

10.     At that time, Dempsey was employed by Freudenberg in a management and/or supervisory capacity.

**ANSWER:    Freudenberg Medical denies the allegations contained in Paragraph 10 of the Complaint.**

11.     Dempsey falsely accused Plaintiff of writing the wrong part number on paperwork she completed.

**ANSWER:    Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.**

12.     In response, Plaintiff informed Dempsey she had written the correct part number down on the paperwork.

- 3 -

**ANSWER:** Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.    When Plaintiff turned away from Dempsey, Dempsey attacked Plaintiff and struck her in the back.

**ANSWER:** Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same, except that Freudenberg Medical admits that it received a report that Dempsey allegedly tapped Plaintiff on the behind with her clipboard.

14.    Plaintiff sustained significant injuries in the attack.

**ANSWER:** Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.    For the remainder of the day, Dempsey harassed Plaintiff, yelled at her and insulted her.

**ANSWER:** Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.    Plaintiff informed another supervisor "Jessica" about the assault.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 18 of the Complaint except that it admits that Plaintiff spoke to a supervisor named Jessica and advised her of the alleged incident between her and Dempsey.

17.    Freudenberg did not investigate the attack and did not discipline Dempsey.

- 4 -

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 17 of the Complaint.

18.    Plaintiff sought medical treatment for the injuries she received.

**ANSWER:** Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.    Freudenberg terminated Plaintiff's employment in retaliation for seeking medical treatment, pursuing a workers' compensation claim and for reporting the attack to the police.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 19 of the Complaint.

20.    Freudenberg terminated Plaintiff for complaining about Dempsey's actions.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 20 of the Complaint.

21.    Because of Defendants' negligence and tortious conduct, Plaintiff has suffered significant injuries, lost income and emotional distress.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT I - NEGLIGENCE

22.    Plaintiff incorporates by reference the allegations set forth above.

**ANSWER:** Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg

- 5 -

Medical answers this paragraph of the Complaint as follows: Freudenberg Medical hereby incorporates its answers to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.    As an employer, Freudenberg owed Plaintiff a duty to provide a safe work environment.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Paragraph 23 of the Complaint contains legal conclusions; regardless, Freudenberg Medical denies the allegations contained in Paragraph 23 of the Complaint.**

24.    Freudenberg knows its employees rely on Freudenberg to monitor and enforce its zero-tolerance employee violence policy.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same, except that it denies that it has a "zero-tolerance employee violence policy."**

- 6 -

25.    Dempsey had a duty to avoid injuring Plaintiff.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Paragraph 25 of the Complaint contains legal conclusions; regardless, Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.**

26.    Defendants breached their duties and failed to prevent Plaintiff's injuries.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 26 of the Complaint.**

27.    Freudenberg breached its duty by failing and refusing to enforce its zero-tolerance policy.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg**

**Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 27 of the Complaint.**

28.    Defendants' breach is the direct and proximate cause of Plaintiff's damages.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 28 of the Complaint.**

29.    Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 29 of the Complaint.**

**COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

30.    Plaintiff incorporates by reference the allegations set forth above.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg**

**Medical answers this paragraph of the Complaint as follows: Freudenberg Medical hereby incorporates its answers to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.**

31.    Defendants owed Plaintiff a duty of care.

**<u>ANSWER:</u>    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Paragraph 31 of the Complaint contains legal conclusions; regardless, Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.**

32.    Defendants breached their duty by failing to prevent the physical attack by Dempsey.

**<u>ANSWER:</u>    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 32 of the Complaint.**

33.    Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

**<u>ANSWER:</u>    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the**

Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 33 of the Complaint.

34.      Defendants' negligence caused Plaintiff to suffer emotional distress.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 34 of the Complaint.**

35.      Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 35 of the Complaint.**

## COUNT III – ASSAULT AND BATTERY

36.      Plaintiff incorporates by reference the allegations set forth above.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the**

- 10 -

Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical hereby incorporates its answers to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.    Dempsey intentionally attacked Plaintiff using a physical object.

**ANSWER:**    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38.    Dempsey's actions caused an eminent fear of physical injury.

**ANSWER:**    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.    Dempsey's attack caused Plaintiff to suffer a physical injury.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Complaint and, therefore, denies the same.**

40.    Dempsey's conduct is the direct and proximate cause of Plaintiff's damages.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Complaint and, therefore, denies the same.**

41.    Plaintiff is entitled to a money judgment against Dempsey in an amount to be determined at trial.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg**

- 12 -

Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT IV – BREACH OF IMPLIED CONTRACT

42.     Plaintiff incorporates by reference the allegations set forth above.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical hereby incorporates its answers to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.**

43.     Plaintiff and Freudenberg are parties to contractual agreements that are in writing, oral and based on the course of conduct and course of dealing between the parties.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 43 of the Complaint.**

44.     Under the parties' agreements, Plaintiff was employed to provide work at Freudenberg.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the**

4854-8592-2486.5

**Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 44 of the Complaint, except that it admits that Plaintiff was employed by Freudenberg Medical.**

45.     In return, Freudenberg was required to compensate Plaintiff and provide a work atmosphere that is safe and free of harassment and assault by management and supervisors.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 45 of the Complaint, except that it admits that it was required to compensate Plaintiff for hours worked in accordance with state and federal law.**

46.     Plaintiff fulfilled her obligations under the parties' agreements.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 46 of the Complaint.**

47.    Freudenberg breached the parties' contracts by failing to provide a safe work environment, free of harassment and assault.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 47 of the Complaint.**

48.    Freudenberg breached the parties' contracts by refusing or failing to enforce its zero- tolerance employee violence policy.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 48 of the Complaint.**

49.    Plaintiff has been damaged as a direct result of Freudenberg's actions.

**ANSWER:   Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 49 of the Complaint.**

- 15 -

50.    Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

**ANSWER:    Pursuant to Ind. Trial Rule 12(B)(1), Freudenberg Medical has filed a motion to dismiss this claim and as a result thereof no answer to this paragraph of the Complaint stands due at this time. To the extent an Answer to this paragraph of the Complaint is required for the purpose of Count V of the Complaint, only, Freudenberg Medical answers this paragraph of the Complaint as follows: Freudenberg Medical denies the allegations contained in Paragraph 50 of the Complaint.**

## COUNT V – WRONGFUL TERMINATION/RETALIATION

51.    Plaintiff incorporates by reference the allegations set forth above.

**ANSWER:    Freudenberg Medical hereby incorporates its answers to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.**

52.    As shown above, Freudenberg terminated Plaintiff because she sought medical treatment and because she complained about Dempsey's attack.

**ANSWER:    Freudenberg Medical denies the allegations contained in Paragraph 52 of the Complaint.**

53.    Plaintiff's employment was terminated in retaliation for seeking a workers' compensation claim.

**ANSWER:    Freudenberg Medical denies the allegations contained in Paragraph 53 of the Complaint.**

54.    Plaintiff suffered and will continue to suffer lost wages and other damages as a result of the actions of Freudenberg.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 54 of the Complaint.

55.     Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

**ANSWER:** Freudenberg Medical denies the allegations contained in Paragraph 55 of the Complaint.

**Freudenberg Medical denies that Plaintiff is entitled to any relief.**

**Freudenberg Medical denies any factual or legal allegations not otherwise specifically addressed in this Answer.**

**Freudenberg Medical reserves the right to assert additional defenses not presently known but which become apparent in the course of discovery.**

## DEFENDANT FREUDENBERG MEDICAL LLC'S AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to the Complaint, Freudenberg Medical states as follows:

1.     The Court lacks subject matter jurisdiction over Plaintiff's Complaint, in whole or in part (at the very least, as to Counts I-IV).

2.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3.     Plaintiff's request for punitive damages, to the extent that she makes one, is barred because any action or inaction taken with respect to Plaintiff was taken in good faith and was not willful, intentional, or done with reckless disregard for Plaintiff's rights, if any, under any state or federal statute or common law.

- 17 -

4.      Plaintiff was under an affirmative obligation to mitigate her damages by seeking other employment, and to the extent that she has failed to make reasonable efforts to do so, her damages should be barred or limited.

5.      Plaintiff's claims are barred because all employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory, non-retaliatory, and lawful factors, and Freudenberg Medical at no time acted in an unlawful manner in connection with any decision regarding Plaintiff.

6.      Any damages allegedly suffered by Plaintiff were a result of her own conduct and were not caused or attributable to Freudenberg Medical.

7.      Freudenberg Medical expressly reserves the right to raise additional defenses/affirmative defenses as discovery progresses.

WHEREFORE, Defendant, Freudenberg Medical, LLC, by counsel, requests that Plaintiff take nothing by way of Plaintiff's Complaint, that Defendant, Freudenberg Medical, LLC, be awarded its costs herein, including reasonable attorneys' fees and costs, and that Defendant, Freudenberg Medical, LLC, be granted all other relief that the Court deems proper.

Respectfully submitted,

_/s/ Paul C. Sweeney_
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

Attorneys for Defendant, Freudenberg Medical, LLC

- 18 -

4854-8592-2486.5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 22nd day of April, 2024:

W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN  47150
ed@skeeslaw.com
**(Via Indiana E-Filing System only)**

Monique S. Dempsey, pro se
3608 Alyn Court
Jeffersonville, IN 47130
**(Via U.S. First Class Mail only)**

*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

- 19 -

4854-8592-2486.5

**IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY**
**STATE OF INDIANA**

| | |
|---|---|
| **KAREN S. LUKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )    **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** | ) |
| **and MONIQUE S. DEMPSEY** | ) |
| | ) |
| **Defendants.** | ) |

**BRIEF IN SUPPORT OF DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION**

## I.    INTRODUCTION

Plaintiff Karen Luker ("Luker" or "Plaintiff") filed a five (5) count Complaint against Defendants Freudenberg Medical, LLC ("Freudenberg Medical") and Monique Dempsey ("Dempsey") relating to injuries Plaintiff allegedly sustained at work on or around March 5, 2023. Plaintiff asserts four (4) counts against Freudenberg Medical including negligence (Count I); negligent infliction of emotional distress (Count II); breach of implied contract (Count IV); and wrongful termination and retaliation (Count V). Plaintiff asserts three (3) counts against Dempsey, Counts I and II, also asserted against Freudenberg Medical, and Count III, for assault and battery.

This Court lacks subject matter jurisdiction over Counts I, II, III,[1] and IV of Plaintiff's Complaint because the Indiana Worker's Compensation Act (the "Worker's Compensation Act") serves as the exclusive remedy against employers for injury or death arising out of and in the course of employment. *See* Ind. Code § 22-3-2-6. Consequently, the Worker's Compensation

---

[1] Although counsel for Freudenberg Medical do not likewise represent Dempsey, as officers of this Court, they include the dismissal of Counts I, II, and III against Dempsey because the same fall within the exclusive jurisdiction of the Worker's Compensation Board and the Worker's Compensation Act. *See* discussion in the body of this brief below.

Board of Indiana (the "Worker's Compensation Board"), and not this Court, has exclusive jurisdiction to hear any common law action brought by Plaintiff within the scope of the Worker's Compensation Act. *See* Ind. Code § 22-3-1-2. Pursuant to Rule 12(B)(1) of the Indiana Rules of Trial Procedure, Freudenberg Medical moves to dismiss Counts I, II, III, and IV of Plaintiff's Complaint, without prejudice.

## II.    FACTS PERTINENT TO SUBJECT MATTER JURISDICTION

1.    Plaintiff was employed by Freudenberg Medical as a Manufacturing Associate on third shift at Freudenberg Medical's facility in Jeffersonville, Indiana ("Jeffersonville facility") until her termination on May 5, 2023. (Complaint, ¶ 7; Affirmation of Teresa Smallwood ("Smallwood Aff."), appended here to as Exhibit 1, ¶ 4.)

2.    Dempsey is employed by Freudenberg Medical as a Manufacturing Associate. She currently works on third shift at Freudenberg Medical's Jeffersonville facility. (Smallwood Aff. ¶ 5.) Dempsey and Plaintiff worked in the same department, on the same shift, third shift, on March 5, 2023. (*Id.*)

3.    From time to time, Dempsey functions as a trainer within her department and trains or assists other Manufacturing Associates with best practices on the manufacturing line. (*Id.*)

4.    At no point has Dempsey held a supervisory role at Freudenberg Medical. (*Id.*) At no point did Dempsey have supervisory authority over Plaintiff, including in Dempsey's role as a trainer. (*Id.*)

5.    On Sunday, March 5, 2023, Plaintiff and Dempsey got into an argument in which Plaintiff alleges Dempsey accused Plaintiff of writing the wrong part number on paperwork Plaintiff completed. (Compl. ¶¶ 11-12; Smallwood Aff. ¶ 6.)

- 2 -

6.      At some point during the argument, Dempsey tapped Plaintiff on the behind with her clipboard. (*See* Compl. ¶ 13; Smallwood Aff. ¶ 6.)

7.      On Tuesday, March 7, 2023, Luker reported to Teresa Smallwood ("Smallwood"), Human Resources Generalist, that an incident had occurred between her and Dempsey on Sunday, March 5, 2023. Luker reported that her and Dempsey got into a verbal argument over paperwork that Luker completed as part of her duties on the assembly line. Luker also advised Smallwood that at some point during the argument Dempsey struck her on the back side of her body with a clipboard. (Smallwood Aff. ¶ 6.)

8.      On March 7, 2023, Smallwood opened up the investigation and started a first report of injury document. As a part of her investigation, Smallwood spoke to all of the witnesses identified by Luker, which included Whalen and the other Manufacturing Associates working in the same areas as Luker and Dempsey on March 5, 2023. (*Id.* at ¶ 7.)

9.      On March 17, 2023, Smallwood submitted the First Report of Injury document to Freudenberg Medical's worker's compensation insurance carrier, Travelers Insurance. (Smallwood Aff. ¶ 9.)

10.     Upon information and belief, Plaintiff has not pursued a worker's compensation claim with the Worker's Compensation Board. (*Id.*)

11.     Plaintiff asserts Freudenberg Medical "owed Plaintiff a duty to provide a safe work environment." (Compl. ¶ 23.)

12.     Plaintiff asserts, "Dempsey had a duty to avoid injuring Plaintiff." (Compl. ¶ 25.)

13.     Plaintiff asserts, "Defendants breached their duties and failed to prevent Plaintiff's injuries[]" and that "Defendants' breach is the direct and proximate cause of Plaintiff's damages." (Compl. ¶¶ 26 and 28 (Count I).)

4870-7630-1749.7

14.     Plaintiff also asserts Defendants "owed Plaintiff a duty of care[,]" that they "breached their duty by failing to prevent the physical attack by Dempsey[]"and that "Defendants' negligence caused Plaintiff to suffer emotional distress." (Compl. ¶¶ 31-32 and 34 Count II).)

15.     Count III of Plaintiff's Complaint incorporates by reference all of the allegations asserted in Counts I and II of the Complaint, and then asserts a claim for assault and battery against Dempsey. (Complaint, ¶¶ 36-41 (Count III).)

16.     Plaintiff asserts Freudenberg Medical "breached the parties' contracts by failing to provide a safe work environment, free of harassment and assault." (Compl. ¶ 47 (Count IV).)

17.     No Freudenberg Medical policies or practices authorize an employee to cause harm to another employee. In fact, Freudenberg Medical's policy prohibits such conduct. (Smallwood Aff. ¶ 10.)

18.     Freudenberg Medical did not instruct or authorize Dempsey to harm Plaintiff on the relevant date or at any other time. (Smallwood Aff. ¶ 11.)

19.     Freudenberg Medical had no knowledge that Dempsey intended to harm Plaintiff on the relevant date or that such alleged harm would occur. (Smallwood Aff. ¶ 12.)

20.     Freudenberg Medical did not intend to cause harm or injury to Plaintiff on the relevant date or at any other time. (Smallwood Aff. ¶ 13.)

### III.    ARGUMENT

#### A.    Standard of Review

When challenging subject matter jurisdiction, the proper method to advance the defense is through a motion to dismiss under Rule 12(B)(1) of the Indiana Rules of Trial Procedure. *Walls v. Markley Enterprises, Inc.*, 116 N.E.3d 479, 482 (Ind. Ct. App. 2018). When presented with such a motion, a court must determine the threshold question of whether it possesses

- 4 -

authority to hear the dispute before it. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994). If the court finds that subject matter jurisdiction is lacking, it is then without power to further adjudicate the action and dismissal of the matter without prejudice is necessary. *Id.* Since dismissal for lack of subject matter jurisdiction is without prejudice, following dismissal, the plaintiff may elect to pursue the claim in the tribunal having jurisdiction over the claim, e.g., the Worker's Compensation Board in this situation. *Id.*

Here, it is the Worker's Compensation Act that provides the exclusive remedy, and it is the Worker's Compensation Board that provides exclusive jurisdiction. Upon information and belief, Plaintiff has not yet pursued a claim before the Worker's Compensation Board, which claim she may file on or before two (2) years from her alleged date of injury, March 5, 2023, which would be a deadline of March 5, 2025. There is no choice of forum argument that would confer jurisdiction of this claim to the Court because of Plaintiff's current failure to pursue her worker's compensation claim before the Worker's Compensation Board. *See* Ind. Code § 22-3-2-6. Once the Worker's Compensation Act applies or the facts appear to make an accident (defined below) fall within the Worker's Compensation Act, the exclusivity provisions bar a court from hearing any common-law action brought by the employee for the same injuries. *Sims v. United States Fid. & Guar. Co.*, 782 N.E.2d 345, 349–50 (Ind. 2003).

In its jurisdictional review, the court "may consider not only the complaint and motion but any affidavits or other evidence submitted." *Id.* at 1287; *see also Eichstadt v. Frisch's Restaurants, Inc.*, 879 N.E.2d 1207, 1209 (Ind. Ct. App. 2008). The court may weigh the evidence before it, "to determine the existence of the requisite jurisdictional facts." *Perry*, 637 N.E.2d at 1287; *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001).

**B.**     **Counts I, II, and IV of the Complaint Against Freudenberg Medical, the Employer, and Counts I, II and III, against Dempsey, Plaintiff's Coworker, Should Be Dismissed Because the Worker's Compensation Act, Not the Civil Courts, Provides the Exclusive Remedy for the Asserted Claims.**

The Indiana Legislature established the Worker's Compensation Act as the exclusive remedy against an employer for injury or death arising out of and in the course of employment. *See* Ind. Code § 22-3-2-6. Cases within the scope the Worker's Compensation Act are to be decided by the Worker's Compensation Board, and the Worker's Compensation Act's exclusivity provision restricts a state court from hearing any common law action brought by the employee for the same injuries or death. *See* Ind. Code § 22-3-1-2; *Sims,* 782 N.E.2d at 349–50. In pertinent part, the Worker's Compensation Act's exclusivity provision provides:

> The rights and remedies granted to an employee subject to [the Worker's Compensation Act] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.

Ind. Code § 22-3-2-6.

The Indiana Supreme Court has found the above statutory provision unambiguous in operating to exclude common law rights and remedies of employees against an employer for claims falling within the scope of the Worker's Compensation Act, and that the provision unmistakably prevents an independent civil action for such claims. *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969 (Ind. 1986). In so finding, the Court explained:

> The continuing vitality of a workmen's compensation system not only serves the interests of the injured worker, it also benefits the business community in providing protection from large verdicts and by permitting the business community to more easily predict, quantify and plan for anticipated costs from employee injuries.

> The right and responsibility to determine these public policies, and to adopt, improve, refine, and perfect legislation directed thereto, falls not to us but to the legislature. Our role is to construe and apply these enactments so as to carry out legislative intent. Public policy purposes benefiting both business and labor have thus been served by the long-standing approach of Indiana courts to liberally construe workmen's compensation laws.

*Evans*, 491 N.E.2d at 971.

A claim is within the exclusive scope of the Worker's Compensation Act if the "employee's injury occurred by accident arising out of and in the course of employment." *Sims*, 782 N.E.2d at 349-50.[2] There is strong public policy favoring the coverage of employees under the Worker's Compensation Act. *Perry*, 637 N.E.2d at 1286. Thus, when a plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act. *Id.*

Plaintiff ignored the requirement to pursue the worker's compensation procedures as set forth in Ind. Code § 22-3-1-1 *et. seq.* and instead improperly filed Counts I, II, III, and IV of the Complaint in state court. If Plaintiff wished to pursue a personal injury action arising out of actions in the course of employment against Freudenberg Medical resulting from the alleged assault by Dempsey, then she must file an Application for Adjustment of Claim with the Worker's Compensation Board. If Plaintiff disagrees with the Worker's Compensation Board's decision, she can pursue litigation in the Indiana Court of Appeals following that determination. Indiana state courts of general jurisdiction may not hear any common law action within the scope

---

[2] Plaintiff asserts that her alleged injury was "by accident" and "arose out of employment and in the course of her employment," as discuss below.

of the Worker's Compensation Act.[3] *Sims*, 782 N.E.2d at 349-50. Accordingly, Plaintiff simply cannot choose the forum of a civil action to pursue Counts I, II, III, and IV. If the desired outcome is to seek compensation from Freudenberg Medical, her employer, for these claims, Plaintiff's exclusive option is to pursue an action with the Worker's Compensation Board, which time period has not expired.

As demonstrated below, Counts I, II, III, and IV of the Complaint fall squarely within the scope of the Worker's Compensation Act, and Plaintiff cannot establish any grounds for taking these claims outside the Worker's Compensation Act. Additionally, as to Count I, II and III, in particular, Plaintiff asserts Counts I and II against Demsey in addition to asserting the same against Freudenberg Medical and Count III, an assault and battery claim against Dempsey, alone, which similarly falls within the scope of the Worker's Compensation Act and thus outside this Court's jurisdiction. *See Skinner v. Martin*, 455 N.E.2d 1168 (Ind. Ct. App. 1983) (affirming dismissal of appellant-employee's claims for damages against coworker who struck appellant-employee in the face causing personal injury); *Nelson v. Denkin*, 598 N.E.2d 558 (Ind. Ct. App. 1992) (affirming dismissal of loss of consortium claim where employee was injured after coworker shoved him in the arm). Although counsel for Freudenberg Medical does not also represent Dempsey, Freudenberg Medical includes the dismissal of the claim against her in this lawsuit, Counts I, II and III, and respectfully suggests that, in the interest of justice, that Counts I, II and III as to Dempsey be dismissed along with Counts I, II and IV against Freudenberg Medical.

---

[3] The exclusivity provisions do not guarantee a result. A claimant before the Worker's Compensation Board has the burden of providing the statutory elements to be entitled to statutory compensation or benefits. *See* Ind. Code § 22-3-2-2.

### 1.    Plaintiff Asserts Her Injury Was "By Accident."

An injury is "by accident" under the Worker's Compensation Act when "the sufferer did not intend or expect that injury would, on that particular occasion, result from what [they were] doing." *Assocs. Corp. of N. Am. Smithley*, 621 N.E.2d 1116, 1121 (Ind. Ct. App. 1993). In simpler terms, "the statutory term 'injury or death by accident' . . . means unexpected injury or death." *Evans*, 491 N.E.2d at 975. Courts have regularly found that violence by one employee (or supervisor) against a co-employee is considered "by accident" under the Worker's Compensation Act, and corresponding claims against the employer are governed exclusively by the Worker's Compensation Act, and the Worker's Compensation Board.

Specifically, the Indiana Supreme Court has found that injuries sustained from workplace violence (or horseplay) are "by accident," absent an intentional act by the employer. *See Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1281 (Ind. 1994) (finding that stabbing injuries inflicted by one employee upon another to be "by accident"); *Evans*, 491 N.E.2d at 976 (finding death of employee who arrived at work at usual time, paused for coffee at eating area provided for employees, and was shot by an alcoholic and delusional coworker, was a death "by accident").

This is true even if Dempsey was Plaintiff's supervisor (which she was not). (Smallwood Aff. ¶ 5.) For example, in *Gordon v. Chrysler Motor Corp.*, the plaintiff-employee, Gordon, got into an argument with his supervisor regarding an unauthorized break taken by Gordon. 585 N.E.2d 1362, 1363 (Ind. Ct. App. 1992). The argument escalated resulting in the supervisor striking Gordon in the face, causing serious injuries and permanent disabilities. *Id.* Gordon thereafter brought tort claims against his employer and the supervisor. *Id.* The Indiana Court of Appeals affirmed the trial court's decision that the resulting tort claims were barred by the Worker's Compensation Act, concluding the trial court correctly determined Gordon's injury

occurred by accident arising out of and in the course of his employment. *Id.* at 1365. In analyzing whether the injury was "by accident," the Court found that Gordon could not have expected his injuries despite his argument that he anticipated the confrontation because of his supervisor's bad temper. *Id.* at 1364. *See also Smithley*, 621 N.E.2d at 1121 (finding that a claim brought by a former employee against an employer based upon a supervisor's alleged assault and battery was barred by the Worker's Compensation Act).

The same conclusion must be reached in the instant case. Plaintiff did not allege Freudenberg Medical intended or expected the incident between Plaintiff and Dempsey, and Plaintiff could not have intended or expected to be injured during a dispute with Dempsey over paperwork. Accordingly, Plaintiff's injury was "by accident," and meets the first threshold element of the Worker's Compensation Act.

### 2.    Plaintiff Asserts Her Injury Arose Out of Employment and in the Course of Her Employment.

The remaining threshold statutory elements both relate to the connection between the injury and Plaintiff's employment. As alleged, Plaintiff's claims meet both elements because Plaintiff alleged the incident took place at work and was related to her employment.

An injury "arises out of employment" when "a causal nexus exists between the injury or death and the duties or services performed by the injured employee." *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 164 (Ind. 2006). That causal nexus is established when a reasonably prudent person considers the injury to be incidental to the employment or when the facts indicate a connection between the injury and the circumstances under which the employment occurs. *Id.*; *Wine–Settergren v. Lamey*, 716 N.E.2d 381, 389 (Ind. 1999). It is not necessary that the injury should have been expected or foreseen. *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus*, 505 N.E.2d 101, 102–03 (Ind. Ct. App. 1987).

The "risk[s] incidental to employment" fall into three categories: (1) risks distinctly associated with employment, (2) risks personal to the claimant, and (3) risks of neither distinctly employment nor distinctly personal in character. *Milledge v. Oaks*, 784 N.E.2d 926, 930 (Ind. 2002) (citations omitted). Categories one and three are within the scope of the Worker's Compensation Act. *Id.*; *A Plus Home Health Care Inc. v. Miecznikowski*, 983 N.E.2d 140, 145 (Ind. Ct. App. 2012). Assaults, "includ[ing] attacks by 'lunatics,'" are category three "neutral" risks. *Evans*, 491 N.E.2d at 975. *See Shelby v. Truck & Bus Group Div. of General Motors Corp.*, 533 N.E.2d 1296, 1299 (Ind. Ct. App. 1989) (finding that injuries sustained when supervisor stuck hot metal rod into employee's groin area arose out of and in the course of employment).

The "in the course of" element refers to the time, place, and circumstances of the injury. *Gordon*, 585 N.E.2d, at 1365. Specifically, an injury occurs "in the course of" employment "if it occurs within the period of employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it." *Wolf Corp. v. Thompson*, 609 N.E.2d 1170, 1173 (Ind. Ct. App. 1993).

This case involves an alleged assault whereby there is a connection between Plaintiff's purported injury and the circumstances under which employment occurs. Specifically, Plaintiff complains she was injured on Freudenberg Medical's premises during working hours (in the course of) by a coworker due to an argument regarding paperwork Plaintiff completed as part of her job. (Compl. ¶¶ 11-14; Smallwood Aff. ¶¶ 6-7.) Further, Plaintiff alleges her injury was caused by (arose out of) Freudenberg Medical's negligent failure to enforce its workplace violence policy and/or provide Plaintiff a safe work environment. (Compl. ¶¶ 27, 47.) Therefore,

- 11 -

the Worker's Compensation Board could conclude the injury arose out of and in the course of Plaintiff's employment.

As demonstrated above, Counts I, II, III, and IV of Plaintiff's Complaint are within the scope of the Worker's Compensation Act. The Court should therefore grant Freudenberg Medical's partial motion to dismiss these counts based upon the Worker's Compensation Board's exclusive jurisdiction to determine whether the statutory elements are met.

### C.    The Burden Shifts to Plaintiff to Demonstrate Some Grounds for Taking Counts I, II, III, and IV Outside the Worker's Compensation Act.

As referenced above, the face of the Complaint itself reflects that Counts I, II, III, and IV should be decided by the Worker's Compensation Board. When "the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act." *Id.* at 1286.

Plaintiff's allegations that Freudenberg Medical acted negligently is not sufficient to strip the Worker's Compensation Board of jurisdiction. *See Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994). As the Indiana Supreme Court in *Baker* stated:

> We agree that "mere" employer negligence or recklessness is not sufficient to strip the Worker's Compensation Board of jurisdiction and instead vest jurisdiction in a court of law. The employer that acts in the belief that it is causing an appreciable risk of harm to another may be negligent, and if the risk is great its conduct may be characterized as reckless or wanton, ***but it is not an intentional wrong.*** Thus . . . we agree that ***nothing short of deliberate intent to inflict an injury, or actual knowledge that any injury is certain to occur***, will suffice.

*Id.* (emphasis added) (citations omitted). *See also Shelby*, 533 N.E.2d at 1299 (finding plaintiff-employee's negligence claims against employer were barred by the Worker's Compensation Act's exclusivity provision).

- 12 -

The allegations against Freudenberg Medical and Dempsey in Counts I-IV of the Complaint simply do not rise to the high standard of culpability that the Indiana Supreme Court requires for intentional torts. *Baker*, 637 N.E.2d at 1275. In fact, Freudenberg Medical did not intend to cause harm or injury to Plaintiff at any time; no Freudenberg Medical policy or practice authorized Dempsey to cause harm to Plaintiff; Freudenberg Medical never instructed or authorized Dempsey to cause harm to Plaintiff; and Freudenberg Medical never had knowledge of whether Dempsey intended to harm Plaintiff or that such harm may occur. (Smallwood Aff. ¶¶ 10-13). Likewise, the Complaint fails to include well-pled facts establishing the requisite intent to harm Plaintiff by Dempsey.

Here, Plaintiff's own allegations in Counts I, II, III, and IV assert the role of the employment relationship in her purported injuries. Plaintiff alleges that Dempsey, an employee of Freudenberg Medical, injured Plaintiff on Freudenberg Medical's premises during work hours (Compl. ¶¶ 11-14); that Freudenberg Medical owed Plaintiff a duty to provide a safe work environment (Compl. ¶ 23); that Dempsey owed Plaintiff a duty to avoid injuring her (Complaint ¶ 25); that Defendants breached their duties and failed to prevent Plaintiff's injuries (Compl. ¶ 26); that Defendants negligently failed to prevent Plaintiff's injuries (Compl. ¶¶ 26-35); that Freudenberg Medical was contractually obligated to provide a work environment safe from workplace violence (Compl. ¶ 47); and that Freudenberg Medical breached an implied contract by failing to protect Plaintiff from workplace violence and/or enforce its policies. (Compl. ¶ 48.) Accordingly, the burden is on Plaintiff to demonstrate why the claims in connection with the alleged workplace injury are not barred by the exclusive remedy provision of the Worker's Compensation Act. Plaintiff cannot meet this burden. For these reasons, jurisdiction should

4870-7630-1749.7

remain with the Worker's Compensation Board and this Court should dismiss Counts I-IV of the Complaint.

### IV.    <u>CONCLUSION</u>

As described above, the exclusivity provision of the Worker's Compensation Act prohibits Plaintiff from seeking remedies against Freudenberg Medical and Dempsey in this Court as stated in Count I-IV of the Complaint. The only appropriate venue to hear Counts I, II, III and IV of Plaintiff's Complaint is the Worker's Compensation Board, not this Court. Freudenberg Medical takes no position on whether or not Plaintiff can pursue Count III against Dempsey in another forum other than this Court. This Court lacks subject matter jurisdiction over Counts I, II, III, and IV of the Complaint, and it should, therefore, dismiss said Counts without prejudice.

WHEREFORE, Defendant, Freudenberg Medical respectfully requests that the Court dismiss Counts I, II, III, and IV of the Complaint without prejudice pursuant to Indiana T.R. 12(B)(1) and for all other necessary and proper relief.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP

One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

**Attorneys for Defendant,**
**Freudenberg Medical, LLC**

</div>

4870-7630-1749.7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed electronically and served upon the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on this the 22nd day of April, 2024:

W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN  47150
ed@skeeslaw.com
**(Via Indiana E-Filing System only)**

Monique S. Dempsey, pro se
3608 Alyn Court
Jeffersonville, IN 47130
**(Via U.S. First Class Mail only)**


*/s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

- 15 -

# **<u>EXHIBIT 1</u>**

IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
STATE OF INDIANA

KAREN S. LUKER,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )       CAUSE NO. 10D06-2403-PL-000016
                                         )
FREUDENBERG MEDICAL, LLC                 )
and MONIQUE S. DEMPSEY                   )
                                         )
        Defendants.                      )

## AFFIRMATION OF TERESA SMALLWOOD

I, Teresa Smallwood, pursuant to the Indiana Rules of Trial Procedure and all relevant rules, statutes, and regulations, state and declare under penalties of perjury as follows:

1.      I am over eighteen (18) years of age and competent to testify as to the matters contained herein.

2.      I have personal knowledge of all information contained herein.

3.      At all times relevant stated herein, I was employed by Freudenberg Medical, LLC ("Freudenberg Medical" or the "Company") as a Human Resources Generalist at the Company's Jeffersonville, Indiana facility ("Jeffersonville facility"). I started my employment with the Company on November 30, 2020.

4.      As Human Resources Generalist, I was and am familiar with former Freudenberg Medical employee Karen Luker ("Luker"). In June 2023, Luker began her employment with the Company as a Manufacturing Associate on third shift at the Company's Jeffersonville facility. Luker was terminated effective May 5, 2023, for violating the Company's attendance policy.

5.      As Human Resources Generalist, I was and am familiar with Monique Dempsey ("Dempsey"). On October 7, 2022, Dempsey began her employment at the Company (first as a temporary employee, employed by an agency (Aerotek), *i.e.*, employed by Aerotek from October

7, 2022 – February 16, 2023) and then converted to a full-time employee for the Company on February 17, 2023) as a Manufacturing Associate on third shift at the Jeffersonville facility. Dempsey and Luker worked in the same department, on the same shift, *e.g.*, on March 5, 2023. From time to time, Dempsey functions as a trainer within her department and trains or assists other Manufacturing Associates (including Luker when she worked for the Company) with best practices on the manufacturing line. At no point has Dempsey held a supervisory role at Freudenberg Medical. At no point did Dempsey have supervisory authority over Luker, or anyone else, including in Dempsey's role as a trainer.

6.    Luker and Dempsey both worked the weekend shift at the Company on Friday, March 3, 2023, - Sunday, March 5, 2023. On Tuesday, March 7, 2023, Luker reported to me via telephone that an incident had occurred between her and Dempsey on Sunday, March 5, 2023. Luker reported that her and Dempsey got into a verbal argument over paperwork that Luker completed as part of her duties on the assembly line. Luker advised me that at some point during the argument Dempsey struck her on the back side of her body with a clipboard.

7.    Luker advised me that she had also reported the incident to Jessica Whalen ("Whalen"), a production supervisor on third shift at the Jeffersonville facility that day. Whalen was not the supervisor over the line worked by Luker and Dempsey that weekend. The line that Luker and Dempsey worked did not have (and does not have) a specific supervisor assigned to it. I opened up the investigation and started a First Report of Injury document. As a part of my investigation, I spoke to all of the witnesses identified by Luker, which included Whalen and the other Manufacturing Associates working in the same areas as Luker and Dempsey on March 5, 2023.

4883-6268-9974.4

8.     During my investigation, Dempsey admitted to tapping Luker on the behind with her clipboard but denied doing so with such force as described by Luker. Dempsey was ultimately disciplined for her role in the incident. Luker later reported that Dempsey's actions injured her and that she sought medical attention for her injuries. Luker received no discipline as a result of the incident. Additionally, Luker received no discipline because she sought medical treatment or because of her report of the incident and injuries allegedly sustained in the incident.

9.     March 17, 2023, was the first day that I saw Luker back at work after our conversation on March 7, 2023. I met with her in person that morning. I already had the First Report of Injury document completed and went over it with her. Luker refused to sign the First Report of Injury document and I noted that in the signature block of the document. Luker advised me that she would not sign the document because she needed to talk to her lawyer. During this meeting, I asked Luker for her medical records from her visits. Luker refused to give those documents to me because she said that she needed to speak with her lawyer about giving medical records to the Company. Luker never returned to me to sign the first report of injury document or to provide me with copies of her medical records. Despite Luker's refusal to sign the first report of injury document, I submitted that document to Freudenberg Medical's worker's compensation insurance carrier, Travelers Insurance, on March 17, 2023. On March 21, 2023, Luker advised Travelers Insurance that Edward Skees was her attorney. Upon information and belief, and as of the date of this Affirmation, Luker has not pursued a worker's compensation claim with the Indiana Worker's Compensation Board ("Board"), *i.e.*, Luker has not filed an Application for Adjustment of Claim with the Board.

10.     As Human Resources Generalist, I am familiar with Freudenberg Medical's workplace policies.

4883-6268-9974.4

11.     There are no Freudenberg Medical policies or practices that would authorize any employees to cause physical harm to another employee.

12.     Freudenberg Medical did not instruct or authorize Dempsey to cause harm or injury to Luker on March 5, 2023 or at any other time.

13.     Freudenberg Medical had no knowledge of whether Dempsey intended to harm or injure Dempsey on March 5, 2023 or that such harm or injury would occur.

14.     Freudenberg Medical did not intend to cause harm or injury to Luker on March 5, 2023 or at any other time.

FURTHER, AFFIANT SAITH NOT.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: 4/17/2024          *Teresa Smallwood*
                          Teresa Smallwood

- 4 -

## IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
## STATE OF INDIANA

KAREN S. LUKER,          )
                             )
           **Plaintiff,**       )
    **v.**                        )
                             )   **CAUSE NO. 10D06-2403-PL-000016**
**FREUDENBERG MEDICAL, LLC**   )
**and MONIQUE S. DEMPSEY**     )
                             )
          **Defendants.**    )

## ORDER SETTING HEARING ON DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION

This matter comes before the Court on Defendant Freudenberg Medical, LLC's Partial Motion to Dismiss Due to Lack of Subject Matter Jurisdiction. And the Court, being duly advised, now sets this matter for a hearing on the ____24____ day of ___May___, 2024 at ___2:00___ [a.m. / p.m.].

SO ORDERED this _22nd_ day of ____April____, 2024.

_____.
The Honorable Kyle P. Williams
Judge, Clark Circuit Court No. 6

**Tendered by:** Paul C. Sweeney, Attorney for Defendant Freudenberg Medical, LLC

**Distribution to all counsel of record via the Indiana E-Filing System.**

**Via U.S. First Class Mail to the following:**

    Monique S. Dempsey, pro se
    3608 Alyn Court
    Jeffersonville, IN 47130

IN THE CLARK CIRCUIT COURT 6
STATE OF INDIANA

KAREN S LUKER                              )
    Plaintiff                         )
                                      )
v.                                         )
                                      )
FREUDENBERG MEDICAL, LLC                   )  CASE NO. 10D06-2403-PL-000016
                                      )
AND                                        )
                                      )
MONIQUE S. DEMPSEY                         )
    Defendants                        )

## RESPONSE TO PARTIAL MOTION TO DISMISS

In support of her Response to the Partial Motion to Dismiss of Defendant Freudenberg

Medical, LLC and Defendant Monique S. Dempsey (collectively "Defendants"), Plaintiff Karen

S. Luker ("Plaintiff") states as follows:

## INTRODUCTION

A vicious attack is a clear exception to the exclusive remedy provision of the Indiana

Workers' Compensation Act. Accordingly, Defendants' motion cannot not be granted based on

the allegations in Plaintiff's Complaint. As a result, Defendants attempt to rewrite and

mischaracterize the allegations in the Complaint in a flagrant celebration of Dempsey's conduct.

In reality, this was a vicious, intentional attack by Dempsey that violated company

policy. Dempsey used a physical object to assault Plaintiff. Instead of disciplining Dempsey,

Freudenberg rewards Dempsey, advocates for her and now defends her. Freudenberg terminated

Plaintiff for speaking out and pursuing her workers compensation claim.

## FACTS IN THE COMPLAINT

Until she was terminated, Plaintiff was employed with Freudenberg at its location at 2301

Centennial Blvd., Jeffersonville, IN 47130. Freudenberg claims to have a zero-tolerance policy

regarding employee violence.  Complaint, p. 2.  On March 5, 2023, Plaintiff was working at Freudenberg performing her regular duties.  At that time, Dempsey was employed by Freudenberg in a management and/or supervisory capacity.  Complaint, p. 2.

Dempsey falsely accused Plaintiff of writing the wrong part number on paperwork she completed.  Complaint, p. 2.  In response, Plaintiff informed Dempsey she had written the correct part number down on the paperwork.  Complaint, p. 2.  When Plaintiff turned away from Dempsey, Dempsey attacked Plaintiff and struck her in the back.  Complaint, p. 2 (emphasis supplied).  Plaintiff sustained significant injuries in the attack.  Complaint, p. 2 (emphasis supplied).

For the remainder of the day, Dempsey harassed Plaintiff, yelled at her and insulted her.  Complaint, p. 2.  Plaintiff informed another supervisor "Jessica" about the assault.  Freudenberg did not investigate the attack and did not discipline Dempsey.  Complaint, p. 2.

Plaintiff sought medical treatment for the injuries she received.  Freudenberg terminated Plaintiff's employment in retaliation for seeking medical treatment, pursuing a workers' compensation claim and for reporting the attack to the police.  Complaint, p. 3.  Freudenberg terminated Plaintiff for complaining about Dempsey's actions.  Complaint, p. 3.  Because of Defendants' negligence and tortious conduct, Plaintiff has suffered significant injuries, lost income and emotional distress.  Complaint, p. 3.

## DEMPSEY'S INTENTIONAL ACTS

In Count III, p. 4 of the Complaint, Plaintiff states: "Dempsey intentionally attacked Plaintiff using a physical object."  Complaint, p. 4 (emphasis supplied).  Further, Plaintiff alleged "Dempsey's actions caused an eminent fear of physical injury."  Complaint, p. 4.  Dempsey's attack caused Plaintiff to suffer a physical injury.  Complaint, p. 4.  Dempsey's conduct is the

direct and proximate cause of Plaintiff's damages.  Complaint, p. 4.  Plaintiff is entitled to a

money judgment against Dempsey in an amount to be determined at trial.  Complaint, p. 4.

<div align="center">PLAINTIFF'S BREACH OF CONTRACT CLAIM</div>

Plaintiff and Freudenberg are parties to contractual agreements that are in writing, oral

and based on the course of conduct and course of dealing between the parties.  Complaint, p. 5.

Under the parties' agreements, Plaintiff was employed to provide work at Freudenberg.

Complaint, p. 5.  In return, Freudenberg was required to compensate Plaintiff and provide a

work atmosphere that is safe and free of harassment and assault by management and

supervisors. Complaint, p. 5.  Plaintiff fulfilled her obligations under the parties' agreements.

Complaint, p. 5.  Freudenberg breached the parties' contracts by failing to provide a safe work

environment, free of harassment and assault.  Complaint, p. 5.  Freudenberg breached the

parties' contracts by refusing or failing to enforce its zero-tolerance employee violence policy.

Complaint, p. 5.  Plaintiff has been damaged as a direct result of Freudenberg's actions.

Complaint, p. 5.  Plaintiff is entitled to a money judgment including pre-judgment and post-

judgment interest, in an amount to be determined at trial.  Complaint, p. 5.

<div align="center">ARGUMENT</div>

1.  Dempsey deliberately physically attacked Plaintiff intending to inflict injury.

This case involves a vicious attack.  Dempsey grabbed a physical object and intentionally

struck Plaintiff in the back.  Plaintiff suffered injuries as a result of Dempsey's attack.  *See*,

Complaint, p. 2 and 4.  It has long been the case in Indiana that a "deliberate intent to inflict an

injury, or actual knowledge that an injury is certain to occur, will suffice" to avoid the exclusive

remedy provisions of the Worker's Compensation act.  *Baker v. Westinghouse Elec. Corp*., 637

N.E.2d 1271, 1275 (Ind. 1994)

At its heart, this case arose from an intentional tort; assault and battery. A suit against a co-employee can proceed at trial under one of two circumstances. First, if the plaintiff can show that the Act does not apply to that particular litigation, then the trial court, and not the Worker's Compensation Board, has jurisdiction. The plaintiff accomplishes this by showing that the injury was not "by accident," that it did not "arise out of his employment," or that it did not "occur in the course of his employment." Ind. Code Ann. §§ 22-3-2-6, 22-3-6-1(e) (West Supp. 1997); *Thiellen v. Graves*, 530 N.E.2d 765, 768 (Ind. Ct. App. 1988). Second, even if the Act applies, its exclusive remedy provision will not bar a common lawsuit against an employee who was not "in the same employ" as the plaintiff when the injury occurred. Ind. Code Ann. § 22-3-2-13 (West 1991); *Thiellen*, 530 N.E.2d at 768.

When addressing intentional torts, the Indiana Supreme Court states:

> Therefore, the appropriate test for determining whether the injury was accidentally caused is the question, "Did the party who is advocating the applicability of the Act intend for harm to result from the actions that party undertook?" If so, then <u>the injury did not occur "by accident" for that particular litigant</u>.is clear on intentional torts.

*Tippmann v. Hensler*, 716 N.E.2d 372, 376 (Ind. 1999)(emphasis supplied).

> Because this test focuses more on the intentions of the party alleging "accidental" injury than on the injury itself, one might notice that the same injury can be both "by accident" and not "by accident," depending on who is alleging the applicability of the Act.

*Id.* "As long as [Dempsey] intended an appreciable degree of harm to arise from his actions, it does not matter that more or less harm resulted, compared to that which he originally intended." *Id*. at 381; *see also*, Restatement (Second) of Torts § 8A cmt. b (1965).

Here, Defendants are the parties advocating the applicability of the Act. The Defendants must therefore establish that Plaintiff's injury did not occur because of an intentional tort.

Defendants cannot meet their burden because the Complaint is clear.  Plaintiff alleges: "[w]hen Plaintiff turned away from Dempsey, Dempsey attacked Plaintiff and struck her in the back." Complaint, p. 2 Plaintiff further alleges "Plaintiff sustained significant injuries in the attack." Complaint, p. 2 Further, in Count III of the Complaint, Plaintiff states: "Dempsey intentionally attacked Plaintiff using a physical object."  Complaint, p. 4,  Further, Plaintiff alleged "Dempsey's actions caused an eminent fear of physical injury."  Complaint, p. 4.  Dempsey's attack caused Plaintiff to suffer a physical injury.  Complaint, p. 4.  Based on the Complaint, it is clear that Dempsey intended to injure Plaintiff.  Dempsey intended the vicious attack and this case cannot be dismissed under Indiana law.

This Court should note that the court in Tippman reversed a trial court decision similar to the request Defendants seek in the present case.  The court stated:

> the evidence provided an adequate showing of deliberate intent to inflict an injury, and that granting a motion to dismiss would have been error.…Tippmann grabbed a gun, announced "Where do you want me to shoot you at?", and fired multiple times in Hensler's direction. This suffices.

*Tippmann*, 716 N.E.2d at 381 (internal citations omitted).  Accordingly, Defendants ask this court to dismiss claims under circumstances that would clearly support a reversal.  Defendants' motion to dismiss must be denied.

2.  Plaintiff's breach of implied contract claim cannot be dismissed.

Under Indiana law, an implied employment contract exists where it "was understood by both parties that the employee would be expected to work, at least to the extent of one day, or a period during that day when [employee] was needed at the plant of [employer]." *Fox v Contract Beverage Packers, Inc*., 398 N.E.2d 709, 712 (Ind. Ct. App. 1980), *trans. denied*.

Defendant attracts and retains employees by, among other things, promising to enforce a

zero-tolerance policy when it comes to workplace violence. Plaintiff worked for Defendant relying on that promise. Instead of enforcing the zero-tolerance policy, Defendants celebrated Dempsey's violation. Freudenberg is even defending Dempsey here.

Plaintiff's damages resulting from the breach of contract are not the personal injuries sustained in the attack. Thus, Plaintiff's breach of implied contract claim is not barred under the Worker's Compensation Act. Plaintiff's allegation is that she was terminated for seeking medical treatment and because she complained about Dempsey's actions. Further, Plaintiff's allegation is that she was terminated for pursuing a workers' compensation claim against Freudenberg. Accordingly, Plaintiff's damages resulting from the breach of implied contract result from lost income and unpaid medical expenses, not personal injury. Accordingly, Defendants' Motion to Dismiss must be denied.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants' Partial Motion to Dismiss.

Respectfully submitted,

*/s/ W. Edward Skees*
W. Edward Skees (ISBN 21827-22)
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
Phone: (812) 944-9990
Fax:    (812) 954-0363
Email: ed@skeeslaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 2nd day of May, 2024, a copy of the foregoing was served electronically upon all counsel of record via the Court's e-filing system.

*<u>/s/ W. Edward Skees</u>*
W. Edward Skees

## IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
## STATE OF INDIANA

| | | |
|---|---|---|
| **KAREN S. LUKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** | ) | |
| **and MONIQUE S. DEMPSEY** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT FREUDENBERG MEDICAL, LLC'S
### REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS DUE TO LACK OF
### SUBJECT MATTER JURISDICTION

Plaintiff's Response to Partial Motion to Dismiss ("Plaintiff's Response") only reinforces why dismissal of Counts I (Negligence), II (Negligent Infliction of Emotional Distress), III (Assault & Battery), and IV (Breach of Implied Contract) of the Complaint is required.

### Counts I and II Against Defendant Freudenberg Medical

As an initial matter, Plaintiff's Response is silent as to Counts I and II of the Complaint against Freudenberg Medical. Plaintiff admitted at the May 25, 2024, hearing that Counts I and II of the Complaint should be dismissed as to Freudenberg Medical. Consequently, there exists no dispute as to the propriety of the dismissal of Counts I and II against Freudenberg Medical.

### Count IV (Breach of Implied Contract Claim) Against Defendant Freudenberg Medical

Plaintiff maintains that Count IV should remain against Freudenberg Medical. In support of her breach of implied contract claim, Plaintiff alleges (1) she had an implied contractual relationship with Freudenberg Medical, and (2) her claim is not barred by the exclusivity provision of the Worker's Compensation Act because her damages do not arise out of the personal injury she asserts she sustained in the incident with her then coworker, *pro se* Defendant, Monique S. Dempsey ("Dempsey").

Notably, Plaintiff misstates the holding of the case law underpinning her argument establishing an alleged implied contractual relationship with Freudenberg Medical, which error only highlights the impropriety of Count IV. In reality, Plaintiff has no contractual relationship, implied or otherwise, with Freudenberg Medical – it is simply an at-will employment relationship. Further, Plaintiff's attempt to muddy the waters as to the theory of damages and causation supporting her claim is nothing more than a futile effort to further subvert the Indiana Worker's Compensation Act and the long-held judicial and legal precedents that dictate an employee's exclusive remedy against her employer is to file a claim before the Indiana Worker's Compensation Board. Accordingly, like Counts I and II, Count IV of Plaintiff's Complaint must be dismissed as to Freudenberg Medical.

### A.    Plaintiff Has No Contractual Relationship with Freudenberg Medical.

Contrary to Plaintiff's assertion, she has no relationship with Freudenberg Medical beyond her at-will employment relationship. "Indiana follows the doctrine of employment at will, under which employment may be terminated by either party at will, with or without reason." *Wior v. Anchor Indus., Ind.*, 669 N.E.2d 172, 175 (Ind. 1996). The presumption of at-will employment is strong, and the Indiana Supreme Court has stated that it is "disinclined to adopt broad and ill-defined exceptions to the employment at-will doctrine." *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1991).

"[I]n order to convert employment at will to employment requiring good cause for termination, 'independent consideration supplied by the employee, which results in detriment to him and a corresponding benefit to the employer, must be given in return for permanent employment.'" *Orem v. Ivy Tech State College*, 711 N.E.2d 864, 870-71 (Ind. Ct. App. 1999) (internal citations omitted). "In the absence of a promise on the part of the employer that the

- 2 -

employment should continue for a period of time that is either definite or capable of determination, the employment relationship is terminable at the will of employer." *Shaw v. S.S. Kresge Co.*, 328 N.E.2d 775, 779 (Ind. Ct. App. 1975). No such consideration exists here to support an exception.

Relying on *Fox v. Contract Beverage Packers, Inc.*, 398 N.E.2d 709 (Ind. Ct. App. 1980), Plaintiff's Response asserts that an implied contract existed between Plaintiff and Freudenberg Medical. (*See* Plaintiff's Response, at p. 5.) However, Plaintiff misapplies the holding in *Fox*. The *Fox* court addressed whether an employer-employee relationship existed between Fox and a potential joint employer, Contract Beverage Packers ("CBP"), such that Fox would be barred from bringing a negligence claim against CBP by the Worker's Compensation Act's exclusivity provision. *See Fox*, 398 N.E.2d at 711. Indeed, the Indiana Court of Appeals did not permit a separate cause of action for breach of implied contract for personal injuries suffered by Fox against CBP. *See Id.* at 711-13. Rather, the court utilized an implied contract analysis to first determine whether CBP was Fox's joint-employer, which the court found CBP was, and then used that employer-employee relationship as the basis to **grant** CBP's motion for summary judgment, holding that Fox's actions against CBP was one for personal injury within the exclusive jurisdiction of the Worker's Compensation Board, and not in civil court. *Id.*

Plaintiff would have the Court read in an implied contract, and thereby create a cause of action outside the Worker's Compensation Act, into every employment relationship where both parties understand that "the employee would be expected to work, at least to the extent of one day, or a period during that when [employee] was needed at the plant of [employer]." (Plaintiff's Response, at p. 5.) In other words, an implied contract would be read into virtually every employment relationship – despite Indiana's clear presumption of at-will employment. Plaintiff's

- 3 -

proposed implied breach of contract cause of action would undermine, and possibly eviscerate, the legal compromise reached when the Indiana Legislature enacted the Worker's Compensation Act. *See, Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 971 (Ind. 1986) (discussing the legal compromise reached when Indiana enacted the Worker's Compensation Act).

To the extent Plaintiff's Response attempts to assert that a purported "zero-tolerance" policy established a contractual relationship, Indiana courts have repeatedly refused to find that personnel policies create a contractual relationship altering the at-will employment relationship. *See, e.g., Wynkoop v. Town of Cedar Lake*, 970 N.E.2d 230, 236 (Ind. Ct. App. 2012) ("Following *Orr*, this Court has declined to construe personnel policies as converting an individual's employment from an at-will relationship" to a contract."); *Duty v. Boys and Girls Club of Porter County*, 23 N.E.3d 768, 774 (Ind. Ct. App. 2014) (finding "employee handbook does not create a unilateral contract").

Plaintiff did not have a contractual relationship with Freudenberg Medical, implied or otherwise, and her breach of implied contract claim must be dismissed.

**B.  Plaintiff's Breach of Implied Contract Claim Is Nothing More Than an Attempt to Further Subvert Well-Established Legislative and Judicial Precedents.**

Alternatively, Plaintiff's Response claims her breach of implied contract claim is not barred by the Worker's Compensation Act because her damages do not arise from the injury she asserts she sustained in the incident with Dempsey. (*See* Plaintiff's Response, at p. 6.) Rather, Plaintiff claims her damages "result from lost income and unpaid medical expenses" (statutory damages she could receive through a successful worker's compensation action[1]) after Plaintiff was purportedly terminated for (1) complaining about Dempsey's actions and an unsafe work

---

[1] As of 5/28/2024, Plaintiff had not yet filed a claim with the Worker's Compensation Board of Indiana.

environment; (2) seeking medical treatment; and (3) pursuing a worker's compensation claim against Freudenberg Medical. (*See Id.*) Plaintiff's breach of implied contract claim still must fail regardless of which theory of causation or damages is applied.

### 1.     There Is No Private Right of Action Under IOSHA.

First, to the extent Plaintiff alleges she was terminated for complaining about Dempsey's actions and an unsafe work environment, it appears Plaintiff may be alleging a retaliation claim under the Indiana Occupational Safety and Health Act ("IOSHA") – not a breach of implied contract. Indeed, IOSHA's anti-retaliation provisions state, in relevant part, "No person shall discharge or in any way discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . ." Ind. Code § 22-8-1.1-38.1(a).

However, courts have interpreted IOSHA's anti-retaliation provisions as precluding a private right of action for claims alleging IOSHA violations. As stated by the Seventh Circuit, "the statute crafts a very specific remedy [for employees claiming that they have been wrongfully discharged under IOSHA]: ***investigation by the Commission and referral*** **of *meritorious claims to the Attorney General for suit in the name of the Commissioner***." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 504 (7th Cir. 1999) (citing Ind. Code § 22-8-1.1-38.1(b)) (emphasis added). As a result, "a review of the statutory provisions comprising that law discloses no basis or authority for a private right of action . . ." *Armstrong v. St. Joseph County Dept. of Welfare*, 1990 WL 212390, *15 (N.D. Ind. 1990). IOSHA's express terms provide as much. *See* Ind. Code § 22-8-1.1-48.3 ("Nothing in this chapter shall be construed to . . . create any private right of action."); *see also Slaubaugh v. Willes Dev., Inc.*, 654 N.E.2d 746, 749 (Ind. Ct. App. 1995) ("IOSHA specifically precludes a private right of action.").

Accordingly, this alternative theory for Plaintiff's breach of implied contract claim fails. *See, e.g., Groce*, 193 F.3d at 504 (holding that the plaintiff did not state a cognizable claim of retaliatory discharge under Indiana law premised upon his IOSHA retaliation allegations).

### 2. Plaintiff's Breach of Implied Contract Claim is Nothing More Than a Facsimile of Her *Frampton* Claim.

Plaintiff further argues her breach of implied contract claim arises after she was purportedly terminated for seeking medical treatment and pursuing a worker's compensation claim against Freudenberg Medical. In essence, Plaintiff is simply copying and pasting her *Frampton* claim (Count V) under a new heading. Under *Frampton v. Central Ind. Gas Co.*, an employee may establish a wrongful termination claim where they are terminated solely for exercising a clear statutory right – *e.g.*, pursuing a workers' compensation claim. 297 N.E.2d 425 (Ind. 1973). Unsurprisingly, Plaintiff does not cite to any case law supporting her position that *Frampton* also gives rise to a breach of implied contract claim. Indeed, *Frampton* is a narrow exception to the employment at-will doctrine, and the Indiana Supreme Court has repeatedly refused to extend its protections. *See, e.g., Harris v. Steel Warehouse*, 2019 U.S. Dist. LEXIS 140514, *25 (N.D. Ind. 2019) ("Since *Frampton* was decided in 1973, it has remained a narrow exception to the employment at-will default. The Indiana Supreme Court has reiterated *Frampton* is 'quite a limited exception' and that '[m]ost cases have refused to extend *Frampton* because employment-at-will is the public policy of Indiana and it is for the legislature, not the courts, to revise it") (quoting *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007)).

The merit of Plaintiff's *Frampton* claim (Count V) is not at issue in Defendant's Partial Motion to Dismiss, and Plaintiff will have an opportunity to assert her *Frampton* claim in further proceedings. Nevertheless, the second and third proposed theories supporting Plaintiff's implied breach of contract claim must likewise fail.

- 6 -

## Plaintiff's Counts I, II and III Against Pro Se Defendant Dempsey

Plaintiff also maintains that Counts I, II, and III should remain against *pro se* Defendant Dempsey because they allegedly stand rooted "from an intentional tort; assault and battery[,]" (Plaintiff's Response, at p. 4), implying that all intentional acts stand outside the Worker's Compensation Act. Not so. In *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271 (Ind. 1994), cited in Plaintiff's Response, the Indiana Supreme Court, in answering a certified question, stated, "[W]e answer the first certified question by saying that ***certain intentional tort actions*** are not barred by the Act." *Id.* at 1275 (emphasis added). The *Baker* court further notes, "Nothing short of deliberate intent to inflict an injury, or actual knowledge that an injury is certain to occur, will suffice." *Id.*

There exists a dichotomy of caselaw in Indiana on this topic that should guide the Court's decision to dismiss Counts I, II and III against *pro se* Defendant Dempsey. Freudenberg Medical's counsel discussed this case law at the May 24, 2024, hearing in this case. The dichotomy stands illustrated by the exclusive remedy cases of *Skinner v. Martin*, 455 N.E.2d 1168 (Ind. Ct. App. 1983) (breakroom punches thrown – related to conversations over work habits) and *Nelson v. Denkins*, 598 N.E.2d 558 (Ind. Ct. App. 1992) (arguments during workday wherein physically pushing and assault and battery ensued) ***versus*** the no exclusive remedy cases of *Tippmann v. Hensler*, 716 N.E.2d 372 (Ind. 1999) (paintball shot at or in the direction of coworker with intent to injure) and *Martin v. Powell*, 477 N.E.2d 943 (Ind. Ct. App. 1985) (pulled chair out from under coworker, horseplay activity excluded from the Act).

Plaintiff's Response characterizes *pro se* Defendant Dempsey's actions as a "vicious attack" purportedly committed by her while ignoring the decisions that focus on the types of intentional acts that permit a civil lawsuit against a coworker. The Court should disregard

- 7 -

4890-2186-5410.3

Plaintiff's hyperbole because, as noted in *Baker*, "it does not matter that more or less harm resulted," *Baker*, 637 N.E.2d at 1275, when evaluating whether a claim against a coworker falls within the exclusive remedy provisions of the Worker's Compensation Act. Rather, the key issue is whether the act/injury arose out of and in the course of the employment.

A simple comparison of *Skinner v. Martin **versus** Tippmann v. Hensler* illustrates the propriety of the dismissal of Counts I, II and III as to *pro se* Defendant Dempsey. In *Skinner v. Martin*, the court found that an assault, an intentional act, which occurred during an employee's coffee break related to conversation over work habits was an accident arising out of and in the course of employment which fell within the exclusive jurisdiction of the Worker's Compensation Board. 455 N.E.2d 1168. In contrast, in *Tippman v. Hensler*, the court found that intentional conduct designed to harm and outside the employee's course of employment – *e.g.,* shooting a paintball gun at a coworker – was activity outside the Act's parameters. 716 N.E.2d 372.

In *Tippmann*, in a footnote, the Indiana Supreme Court discusses both *Skinner* and *Nelson*, ***not overruling the same***, but rather, distinguishing those decisions based upon the facts presented in those cases – similar to the distinction made above between *Skinner/Nelson* v. *Tippmann/Martin*. Of note, in the reference to the *Nelson* case, the Indiana Supreme Court states, "The outcome [in *Nelson*] would remain the same, however, even if the court had also reviewed the intentions of the tortfeasor in its 'by accident' determination: nowhere does the opinion indicate that Nelson alleged an intent to harm on the part of Denkins, nor does a shove on the shoulder, accompanied by the command to 'get back to work,' generally carry with it an intent to cause injury. If anything, Denkins' actions were negligent, or possibly reckless, but not intentionally designed to harm Nelson." *Tippmann*, 716 N.E.2d at 377 n.6.

- 8 -

Here, *pro se* Defendant Dempsey's purported actions, like those of Denkins in the *Nelson* case, arose during an argument between Plaintiff and *pro se* Defendant Dempsey, coworkers. Here, the argument related to paperwork completed by Plaintiff in the course of her employment at Freudenberg Medical, an argument akin to the argument in the *Nelson* case where there existed no well-pled facts indicating an intent to harm Plaintiff. Regardless of whether *pro se* Defendant Dempsey's actions were intentional, vicious or otherwise, there existed no intent to harm, and as a result, the incident squarely falls within the Worker's Compensation Act. Borrowing from Tippmann, "If anything, [pro se Defendant Dempsey's] actions were negligent, or possibly reckless, but not intentionally designed to harm [Luker]." *Tippmann*, 716 N.E.2d at 377 n.6. Thus, Plaintiff's exclusive remedy against Freudenberg Medical (Counts I, II and IV) and *pro se* Defendant Dempsey (Counts I, II and III) is to file a claim before the Worker's Compensation Board.

<u>**Conclusion**</u>

Ultimately, Plaintiff admits Counts I and II should be dismissed as to Freudenberg Medical. As more fully set forth in Freudenberg Medical's Partial Motion to Dismiss, and referenced above, Counts I, II, and III as to *pro se* Defendant Dempsey fall within the scope of the Worker's Compensation Act and should similarly be dismissed. With respect to Count IV, Plaintiff's Response highlights the deficiencies of Plaintiff's breach of implied contract claim by offering multiple arguments in alleged support, all of which stand unsupported by case law and must fail. Accordingly, Freudenberg Medical respectfully requests that the Court dismiss Counts I, II, III, and IV of the Complaint without prejudice pursuant to Indiana T.R. 12(B)(1) and for all other just and proper relief.

4890-2186-5410.3

Respectfully submitted,

*/s/ Paul C. Sweeney*
Paul C. Sweeney, Attorney No. 20392-29
Phillip J. Jones, Attorney No. 36859-53
ICE MILLER LLP

One American Square, Suite 2900
Indianapolis, IN  46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219
paul.sweeney@icemiller.com
phillip.jones@icemiller.com

**Attorneys for Defendant,
Freudenberg Medical, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically and served upon

the parties listed below, via the Indiana E-Filing System and/or U.S. mail (as noted below), on

this the 30th day of May, 2024:

> W. Edward Skees
> THE SKEES LAW OFFICE
> 415 W. First Street
> New Albany, IN  47150
> ed@skeeslaw.com
> **(Via Indiana E-Filing System only)**
>
> Monique S. Dempsey, pro se
> 3608 Alyn Court
> Jeffersonville, IN 47130
> **(Via U.S. First Class Mail only)**

> */s/ Paul C. Sweeney*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
paul.sweeney@icemiller.com

4890-2186-5410.3

### IN THE CIRCUIT COURT NO. 6 FOR CLARK COUNTY
### STATE OF INDIANA

| | |
|---|---|
| **KAREN S. LUKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )    **CAUSE NO. 10D06-2403-PL-000016** |
| **FREUDENBERG MEDICAL, LLC** | ) |
| **and MONIQUE S. DEMPSEY** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER GRANTING DEFENDANT FREUDENBERG MEDICAL, LLC'S PARTIAL MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION

This Cause comes before the Court upon the Partial Motion to Dismiss Due to Lack of Subject Matter Jurisdiction filed by Defendant Freudenberg Medical, LLC. ("Freudenberg Medical") pursuant to Indiana Trial Rule 12(B)(1).

Having reviewed Freudenberg Medical's Motion, and being duly advised on the premises, the Court now hereby **GRANTS** said Motion.

***IT IS, THEREFORE, ORDERED, ADJUSTED, AND DECREED*** that Counts I, II and IV of Plaintiff's Complaint against Freudenberg Medical, and Count I, II and III of Plaintiff's Complaint against Monique S. Dempsey, are hereby dismissed in their entirety, without prejudice.

SO ORDERED this __30th__ day of _____May_____, 2024.

_____
The Honorable Kyle P. Williams
Judge, Clark Circuit Court No. 6

**Tendered by:** Paul C. Sweeney/Phillip J. Jones, Attorneys for Defendant Freudenberg Medical
**Distribution to all counsel of record via the Indiana E-Filing System.**
**Via U.S. First Class Mail to the following:**

Monique S. Dempsey, pro se
3608 Alyn Court
Jeffersonville, IN 47130