# Exhibit B

IN THE CLARK _____ COURT
STATE OF INDIANA

| | |
|---|---|
| KAREN S LUKER | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FREUDENBERG MEDICAL, LLC | ) |
|     SERVE: | ) |
|     CORPORATION SERVICE COMPANY | ) |
|     REGISTERED AGENT | ) |
|     135 NORTH PENNSYLVANIA STREET | ) |
|     SUITE 1610 | ) |
|     INDIANAPOLIS, IN 46204 | ) |
| | ) |
| AND | ) |
| | ) |
| MONIQUE S. DEMPSEY | ) |
|     Defendants | ) |

## **COMPLAINT**

For her Complaint against Defendant Freudenberg Medical, LLC and Defendant Monique S. Dempsey, Plaintiff Karen S. Luker ("Plaintiff") states as follows:

### The Parties

1.  Plaintiff Karen S. Luker is an Indiana resident.

2.  Defendant Freudenberg Medical, LLC ("Freudenberg") is a Delaware limited liability company. Its principal office is located at 40 Sam Fonzo Drive, Beverly, MA 01930. Freudenberg operates a facility located at 2301 Centennial Blvd., Jeffersonville, IN 47130.

3.  Upon information and belief, Defendant Monique S Dempsey ("Dempsey") is an Indiana resident residing at 3608 Alyn Ct., Jeffersonville, IN 47130.

### Jurisdiction and Venue

4.  The amount in controversy exceeds the minimum for jurisdiction in this Court.

5. This court has jurisdiction over this matter as the property at issue is located in Clark County.

6. Venue is proper in this Court as Defendant's principal office is located in Clark County and the events giving rise to this Complaint occurred, at least in part, in Clark County.

## Factual Background

7. Until she was terminated, Plaintiff was employed with Freudenberg at its location at 2301 Centennial Blvd., Jeffersonville, IN 47130.

8. Freudenberg claims to have a zero tolerance policy regarding employee violence.

9. On March 5, 2023, Plaintiff was working at Freudenberg performing her regular duties.

10. At that time, Dempsey was employed by Freudenberg in a management and/or supervisory capacity.

11. Dempsey falsely accused Plaintiff of writing the wrong part number on paperwork she completed.

12. In response, Plaintiff informed Dempsey she had written the correct part number down on the paperwork.

13. When Plaintiff turned away from Dempsey, Dempsey attacked Plaintiff and struck her in the back.

14. Plaintiff sustained significant injuries in the attack.

15. For the remainder of the day, Dempsey harassed Plaintiff, yelled at her and insulted her.

16. Plaintiff informed another supervisor "Jessica" about the assault.

17. Freudenberg did not investigate the attack and did not discipline Dempsey.

18. Plaintiff sought medical treatment for the injuries she received.

19. Freudenberg terminated Plaintiff's employment in retaliation for seeking medical treatment, pursuing a workers' compensation claim and for reporting the attack to the police.

20. Freudenberg terminated Plaintiff for complaining about Dempsey's actions.

21. Because of Defendants' negligence and tortious conduct, Plaintiff has suffered significant injuries, lost income and emotional distress.

## COUNT I - NEGLIGENCE

22. Plaintiff incorporates by reference the allegations set forth above.

23. As an employer, Freudenberg owed Plaintiff a duty to provide a safe work environment.

24. Freudenberg knows its employees rely on Freudenberg to monitor and enforce its zero-tolerance employee violence policy.

25. Dempsey had a duty to avoid injuring Plaintiff.

26. Defendants breached their duties and failed to prevent Plaintiff's injuries.

27. Freudenberg breached its duty by failing and refusing to enforce its zero-tolerance policy.

28. Defendants' breach is the direct and proximate cause of Plaintiff's damages.

29. Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates by reference the allegations set forth above.

31. Defendants owed Plaintiff a duty of care.

32. Defendants breached their duty by failing to prevent the physical attack by Dempsey.

33. Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

34. Defendants' negligence caused Plaintiff to suffer emotional distress.

35. Plaintiff is entitled to a money judgment against Defendants in an amount to be determined at trial.

## **COUNT III – ASSAULT AND BATTERY**

36. Plaintiff incorporates by reference the allegations set forth above.

37. Dempsey intentionally attacked Plaintiff using a physical object.

38. Dempsey's actions caused an eminent fear of physical injury.

39. Dempsey's attack caused Plaintiff to suffer a physical injury.

40. Dempsey's conduct is the direct and proximate cause of Plaintiff's damages.

41. Plaintiff is entitled to a money judgment against Dempsey in an amount to be determined at trial.

## **COUNT IV – BREACH OF IMPLIED CONTRACT**

42. Plaintiff incorporates by reference the allegations set forth above.

43. Plaintiff and Freudenberg are parties to contractual agreements that are in writing, oral and based on the course of conduct and course of dealing between the parties.

44. Under the parties' agreements, Plaintiff was employed to provide work at Freudenberg.

45. In return, Freudenberg was required to compensate Plaintiff and provide a work atmosphere that is safe and free of harassment and assault by management and supervisors.

46. Plaintiff fulfilled her obligations under the parties' agreements.

47. Freudenberg breached the parties' contracts by failing to provide a safe work environment, free of harassment and assault.

48. Freudenberg breached the parties' contracts by refusing or failing to enforce its zero-tolerance employee violence policy.

49. Plaintiff has been damaged as a direct result of Freudenberg's actions.

50. Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

## COUNT V – WRONGFUL TERMINATION/RETALIATION

51. Plaintiff incorporates by reference the allegations set forth above.

52. As shown above, Freudenberg terminated Plaintiff because she sought medical treatment and because she complained about Dempsey's attack.

53. Plaintiff's employment was terminated in retaliation for seeking a workers' compensation claim.

54. Plaintiff suffered and will continue to suffer lost wages and other damages as a result of the actions of Freudenberg.

55. Plaintiff is entitled to a money judgment including pre-judgment and post-judgment interest, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A money judgment against Defendants in an amount to be determined at trial;

B. An award of punitive damages against Defendants in an amount sufficient to punish the Defendants for willful, wanton, oppressive, fraudulent, malicious and/or grossly negligent conduct;

C. Leave of Court, if and when necessary, to amend this Complaint,

D. A trial by jury on all issues so triable;

E. An award of her costs herein expended including attorney's fees; and

F. Any and all other relief to which she may properly be entitled.

Respectfully submitted,

*/s/ W. Edward Skees*
W. Edward Skees (ISBN 21827-22)
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
Phone: (812) 944-9990
Fax:    (812) 954-0363
Email: ed@skeeslaw.com